# McCann *v.* Ellis, *et al.*

## *Ejectment.*

(Decided Jan. 10, 1911.   Rehearing denied April 27, 1911.
55 South. 303.)

1. *Wills; Probate; Action to Set Aside; Judgment.*—Under section 6207, et seq., a decree which holds the whole will invalid as to certain heirs and valid as to others is erroneous.

2. *Same; Nature and Form of Remedy.*—Proceedings to Probate or to set aside the probate of wills are proceedings in rem and not in personam and such proceedings are exclusively to determine the status of the res, and not the rights of the parties.

3. *Judgments; In Rem; Conclusiveness.*—Judgments or decrees as to the status of the res, in proceedings strictly in rem, are conclusive as against the whole world as to such status, but judgments as to the rights of parties are only conclusive between the parties or privies to the suit.

4. *Same.*—A mere finding of the court of a fact which is not essential to determine whether the judgment in rem ought to be pronounced is not, although contained in such judgment entry, conclusive as a judgment in rem upon the fact found; such judgment is conclusive only of such matters as are necessary to sustain the judgment.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by Gretchel McCann against Bessie Ellis and others. From a judgment for defendants, plaintiff appeals. Reversed and rendered.

The following is the agreed statement of facts:

"Both the plaintiff and defendants claim through the same common source of title, viz., Martha Laws, now deceased; the said plaintiff claiming as an heir at law

of the said Martha Laws, deceased, and asserting that said Martha Laws died intestate, and the said defendants Bessie Ellis and Joseph Ellis, Jr., claiming under a certain instrument purporting to be the deed of William Laws to them, the said William Laws claiming under a certain instrument, more particularly hereinafter described, purporting to be the last will and testament of said Martha Laws, deceased, and the said Joseph W. Ellis and Adella Ellis claiming possession under the title of their said children, Bessie and Joseph Ellis. On March 19, 1903, Martha Laws, being at that time a resident of Jefferson county, Ala., died without issue, leaving surviving her husband, William Laws, and the following heirs at law, viz.: A sister, Gretchel McCann, who is the plaintiff in this suit; a sister, Susan Brennen; and Florence Crawson, who is the only child and heir at law of Rhoda Crawson, which said Rhoda Crawson was a sister of said Martha Laws, and died intestate before the death of the said Martha Laws. At the time of the death of the said Martha Laws said Susan Brennen and said Gretchel McCann were each over 21 years of age, and said Florence Crawson was under 21 years of age. Said Martha Laws, at the time of her death, was seised and possessed of all of the real estate which is described in the complaint filed in this cause.

"On the 6th day of May, 1903, a certain paper writing, purporting to be the last will and testament of the said Martha Laws, was probated in the probate court of Jefferson county, Ala., as and for the last will and testament of the said Martha Laws. The said instrument so probated purported to devise to the said William Laws, husband of the said Martha Laws, all of the real property left by the said Martha Laws at her death, including the property described in the complaint. No contest of the alleged will of the said Martha Laws was

filed when the said alleged will was filed for probate in the probate court of Jefferson county, Ala.; nor was any contest of said alleged will begun within 18 months thereafter; nor was any contest ever at any time instituted by either the plaintiff herein or the said Susan Brennen. On the 8th day of June, 1904, the said William Laws executed a deed to Bessie Ellis and Joseph Ellis, Jr., two of the defendants in this suit, who were then 8 years and 6 years of age, respectively, purporting to convey to them all of the real property owned by the said Martha Laws at the time of her death, reserving, however, to the said William Laws the use and control of said real estate during his life. The said William Laws, on the 19th day of May, 1905, died. The said Joseph Ellis, Jr., Bessie Ellis, Joseph W. Ellis, and Adella Ellis, the defendants in this suit, took possession of said lands immediately upon the death of said William Laws, and have continuously since said time been, and are now, in the exclusive possession of said lands; the said Bessie Ellis and Joseph Ellis, Jr., claiming title in and to said lands by said deed from said William Laws, the devisee in said paper writing purporting to be the last will and testament of said Martha Laws, deceased, and the said Joseph W. Ellis and Adella Ellis claiming the right to the possession of said land under and by virtue of the said claim of title in said Bessie Ellis and Joseph Ellis, Jr., their minor children.

"On July 12, 1905, Florence Crawson, then being still under 21 years of age, by her next friend, Michael McCann, filed her bill of complaint in the chancery court of Jefferson county, Ala., contesting on various grounds the validity of the instrument hereinbefore mentioned, which was probated as the last will and testament of Martha Laws, and seeking to have the probate of said paper writing vacated and set aside, and also to have

canceled and annulled as a cloud on complainant's title to an undivided one-third interest in said lands the said deed from William Laws to Joseph Ellis, Jr., and Bessie Ellis, and such proceedings were thereupon had that afterwards, to wit, on the 11th day of August, 1909, the decree was rendered in said suit, a copy of which said decree is hereto attached and marked 'Exhibit A,' and a copy of the instrument attached to the bill of complaint in said suit and marked 'Exhibit B' thereto, and which is referred to in said decree, and which is a copy of the said deed executed by William Laws to Joseph Ellis, Jr., and Bessie Ellis, and purporting to convey to the said Ellises certain real estate, including the property described in the complaint in this cause, is also hereto attached and marked 'Exhibit B' and made a part hereof. The rental value of said lands described in the complaint is, and has been since the death of said William Laws on May 19, 1905, $5.50 per month."

The decree sufficiently appears from the opinion.

NATHAN L. MILLER, and N. A. GRAHAM, JR., for appellant. An undivided one-third interest in the land described in the complaint descended to plaintiff (appellant) from the said Martha A. Laws, deceased, who was the owner of said land at the time of her death, because (a) Martha A. Laws died intestate, and (b) the plaintiff (appellant) was one of three persons, Gretchel McCann, Susan Brennen and Florence Crawson, who were the next of kin of decedent, and under the statute of descent, appellant inherited an undivided one-third interest in said estate.—Code 3754. The suit instituted in the chancery court by Florence Crawson to *contest the validity of the alleged will* of Martha A. Laws, deceased, was a proceeding *in rem.*—Code 6207-6208; *Hunt v. Acre*, 28 Ala. 580; *Martin v. King*, 72 Ala. 354; *Ellis*

*et al. v. Crawson,* 147 Ala. 294; *Kumpe v. Coons,* 63 Ala. 448; *Deslonde v. Darrington,* 29 Ala. 92; *Blakey v. Blakey,* 33 Ala. 611; Freeman on Judgments, 608; 1 Greenleaf on Evidence, § 550; Estoppel and Res. Adjudicata (Herman) Vol. 1, Sec. 293; *Dickey v. Vann,* 81 Ala. 425; *Breeding v. Grantland,* 135 Ala. 497; *Thrasher v. Ingram,* 32 Ala. 645, 657; *Clements v. Patterson,* 38 Ala. 721; *Hine Heirs v. Hall,* 47 Ala. 290; *Nelson Admr. v. Boynton,* 54 Ala. 368; *Knox v. Paull,* 95 Ala. 505; *McCutchen v. Loggins,* 109 Ala. 457; *Morgan v. Morgan's Adm'r,* 50 Ala. 89, 90; *Brock's Adm'r. v. Frank,* 51 Ala. 85; *Goodman v. Winter,* 64 Ala. 410; *Fraser v. Jemison,* 106 U. S. 191, 195, 27 L. Ed. 131, 132. The only issue presented, and the only question which the court had the power to determine in said suit regarding said instrument alleged to have been the will of the said Martha Laws, deceased, was whether the said instrument was, or was not, the will of said Martha A. Laws, deceased, —the question of *devisavit vel non.*—Code 6202, 6207, 6208; *Hays v. Bowdoin,* 159 Ala. 600; *Lyons v. Campbell,* 88 Ala. 462; *Woodruff v. Hundley,* 127 Ala. 640; 4 Current Law 1896 citing *O'Brien v. Bonfield,* 213 Ill. 428; 72 N. E, 1090, and *Weston v. Tenfel,* 213 Ill. 291, 72 N. E. 908. The decree rendered in said suit in so far as it decreed "that the paper writing purporting to be the last will and testament of the said Martha A. Laws, deceased, was never executed by her, as required by the laws of this State, and therefore did not operate as her last will and testament" is responsive to the issue involved, and is a valid and binding decree.—*Hunt v. Acre,* 28 Ala. 580, 593, 596. The jurisdiction of the chancery court to hear and determine a contest of the validity of an alleged will is not a part of its general chancery jurisdiction, but is derived solely from the statute, and, its jurisdiction, the issue which it is au-

thorized to decide, and the decree which it is authorized
to render in such proceedings are confined to
those authorized by the statute. Those parts of
the said decree rendered in the case of *Florence
Crawson v. Bessie Ellis et als.*, which read as
follows, viz.: "Under the statutes of the State of
Alabama in such cases made and provided, the
said Susan Brennen and Gretchel McCann were barred
and precluded from contesting the last will and testa-
ment of the said Martha A. Laws, deceased, at the time
when the bill of complaint in this cause was filed"—
and—"but as to the other heirs of the said Martha A.
Laws the said probate is not vacated, nor set aside, they
being adults at the time of the death of said Martha A.
Laws, and having failed to contest the probate of said
will within the time allowed by law, and the said de-
fendants claiming under said will"—and—"that the
complainant and each of the respondents owns an undi-
vided one-third interest in and to the lands owned by
the said Martha A. Laws at her death, hereinbefore de-
scribed," are outside the issue involved in said proceed-
ing, are not authorized by the statute, and it was beyond
the power of the court to render such a decree; they are
mere surplusage; absolutely void and of no effect.—
*Hunt v. Acre,* 28 Ala. 580; Black on Judgments 242; 8
Current Law 2322, Note 91, citing *Rhone v. Morris,* 31
Pa. Super. Ct. 254; 26 Am. and Eng. Enc. 661; *Webb v.
Mullen,* 78 Ala. 111. The effect of such decree is to an-
nul and declare void *in toto* the said alleged will and to
set aside the probate thereof, and the attempt of the
court to limit the effect of such decree within narrower
limits, is without effect. The decree that it is not a will
enures to the benefit of all the heirs of the decedent.—
*Hunt v. Acre,* 28 Ala. 580; *Powell v. Koehler,* 26 L. R.
A. 480; *Watson v. Turner,* 89 Ala. 220; *Clarke heirs v.
Gaines,* 13 La. Ann. 138; Black on Judgments 353; *Bit-*

[McCann v. Ellis, et al.]

zer v. O'Brien, 54 S. W. 951; Lovelace v. Hutchinson, 106 Ala. 417; Alexander v. Hill, 88 Ala. 487, 488; Mc-Queen v. Whetstone, 127 Ala. 417. The statute authorizing the chancery court to hear and determine the contest of a will is not a statute of limitations but a statute conferring jurisdiction, and whether the contest be instituted by an adult within the eighteen month, or by one who at the time of the probate of the alleged will was a minor and brought within the year after arriving at majority, the time within which it is brought is a mere condition on which jurisdiction depends and does not split the question presented by the contest.—Hunt v. Acre, 28 Ala. 580; Sinnett v. Bowman, 37 N. E. 885; Luther v. Luther, 112 Ill. 558, 13 N. E. 166; Morrison v. Stephenson, 69 Ala. 448; Snider v. Burks, 84 Ala. 53; Barnwell v. Murrell, 108 Ala. 366; Bradley v. State, 69 Ala. 318. Appellant, a tenant in common, is entitled to recover as against the appellees, mere trespassers, not only her undivided interest, but the whole of the lands, together with damages for the detention thereof.—Lecroix v. Malone, 157 Ala. 437; Code 3839.

TILLMAN, BRADLEY & MORROW, for appellee. Where the time for contesting a will has expired except as to an infant heir, it may be set aside as to such heir, but such action will not inure to the benefit of those who are barred of the right of contest at the time the proceedings are begun.—Sections 4298-9, Code 1896. The question involved has never been decided by this court, but has been by states having similar statutes, and in each instance they have held that the setting aside did not inure to the benefit of those barred.—Sampson v. Sampson, 30 Pac. 679; Bailey v. Stewart, 2 Redf. Sur. 227; Clements v. McGwin, 33 Pac. 920; 1 Williams on Executors, 674 and 711; 21 Wall. 503; 90 Am. Dec. 136 and note; Watson v. Turner, 98 Ala. 226. A careful

reading of the decree shows clearly that the decree was that the probate of said paper writing as the last will and testament of Martha A. Laws is vacated and set aside in so far as it affects the one-third interest undivided in the lands owned by testatrix. If the contention of the appellant be true that proceedings instituted by Crawson only gave the chancellor jurisdiction to decree whether the said will was valid or void, then, the decree is erroneous and not void, and cannot be collaterally attacked.—*Steele v. Walker,* 115 Ala. 485; *Shearer v. Banks,* 115 Ala. 352; 23 Am. St. Rep. 103 and note; Freeman on Judgments, sec. 337.

MAYFIELD, J.—This is a statutory action in the nature of ejectment, by appellant against appellees. The trial was had by consent without a jury. It was tried by the judge on an agreed statement of the facts, and judgment rendered thereon by the trial court for the defendants, from which judgment this appeal is prosecuted. The reporter will set out in full the agreed statement of facts.

One question of law only is involved on this appeal, and upon it solely depend the rights of the litigants as to the subject-matter of the suit. That question is: What is the legal effect of a judgment or decree had under section 6207 et seq. of the Code of 1907, which sets aside and annuls the former probate of the will and declares it not the will of the decedent, and then proceeds to declare and determine the rights of the heirs or devisees to the estate of the decedent; proceedings being had at the suit of only one of the heirs or proposed devisees?

That part of the decree material to this question is as follows:

"Third. That the said paper writing purporting to be the last will and testament of Martha A. Laws, deceased, was never executed by her, as required by the laws of this state, and therefore did not operate as her last will and testament.

"Fourth. That, therefore, the said complainant is entitled to have the probate of said paper writing as the last will and testament of the said Martha A. Laws, deceased, vacated and set aside, so far as the same affects her undivided one-third interest in said lands, so owned by the said Martha A. Laws, at her death, and that to that extent, and to that extent only, the said probate be and the same is hereby vacated and set aside; but as to the other heirs of the said Martha A. Laws the said probate is not vacated, nor set aside, they being adults at the time of the death of the said Martha A. Laws, and having failed to contest the probate of said will within the time allowed by law, and the said defendants claiming under said will."

The concrete question is this: Is the fourth subdivision of the decree valid and binding, in so far as it attempts to set aside and annul the probate of the will in part and allow it to stand in part? That is, can the decree vacate the probate so far as it affects the interest of one heir, the complainant, and allow it to stand as to the other heirs? It will be observed that there is no attempt to annul or declare void any one part or item of the will, to the exclusion of the other parts. The attempt is to give a limited effect to the probate of the whole will; that is, to decree that it was probated, and was, therefore, the will, as to some of the devisees, but not as to others. This we think cannot be done; but, if at all, in any manner or proceeding, certainly not under the bill and proceeding in which the decree in question was rendered.

It has been uniformly ruled by all English and American cases which we have examined that proceedings to probate or to set aside the probate of wills are proceedings in rem and not in personam; that such proceedings are exclusively to determine the status of the res, and not the rights of the parties. Judgments or decrees as to the status of the res, in proceedings strictly in rem, are conclusive against all the world as to that status; while such judgments as to the rights of parties, whatever may be the point adjudicated, not being as to the status, are only conclusive between the parties or privies to the suit.

The law is clearly and elegantly stated in the following English cases: *Castrique v. Irmie,* No. 14, "Conflict of Laws," 5 R. C. 899; *Ballantyne v. Mackinnon* (July 30, 1896), 65 L. J. Q. B. 616-621; *Allen v. Dundes* (1789) 3 T. R. 125, 1 R. R. 666; *Allen v. McPherson* (1845) 1 H. L. Cas. 191; *Milhurst v. Milton* (C. A. 1876) 3 Ch. D. 210, 214. The English case nearest in point is *Concha v. Concha,* 11 App. Cas. 541-572 (s. c. 56 L. J. Ch. 257, 55 L. T. 522, 35 W. R. 477) ; same case reported and annotated, 11 Eng. Rul. Cas. 22 et seq. This last case is instructive, for the reason that it declares to what extent and for what purposes decrees probating wills are conclusive, and for what not, though the points may have been attempted to be adjudicated. The following American authorities are to the same point: *Sly v. Hunt,* 159 Mass. 151, 34 N. E. 187, 21 L. R. A. 680, s. c. 38 Am. St. Rep. 403; *Caujolle v. Ferrie,* 13 Wall. 465, 20 L. Ed. 507. Many cases may be found collected in note at pages 45, 46, 11 Eng. Rul. Cas. See, also, Bigelow on Estoppel, 154; 2 Black on Judg. 799; Van Fleet, Col. Att. 548.

Our own cases, however, we think are in point, and are decisive of the question adversely to the decision and

judgment of the lower court. It was ruled in the case of *Hunt v. Acre,* 28 Ala. 593, 594, that jurisdiction was conferred upon the probate courts to determine, in the first instance, the question of will or no will on an application to probate, and therefore to allow or disallow probate. If disallowed, the decree was final and conclusive until reversed or set aside in the proper mode. If allowed, then the statute authorized any person interested, or certain ones designated, to contest by bill in chancery at any time within five years; that such contest was in the nature of a proceeding in rem, and that decree was binding and conclusive as to all the world, as to the question of will or no will, the status of the res; that such decree was so binding upon persons who were not parties to the proceeding as to the question of will or no will.

If those who are not parties to such decree are to be concluded by the status of the res as found, surely they are entitled to such benefits as naturally flow or result from such status. Such is the condition of the plaintiff below (appellant here). Speaking to the same subject as to proceedings to probate or contest wills, this court, by Somerville, J., in the case of *Martin v. King,* 72 Ala. 360, said: "A judgment in rem has, among many other definitions, been said to be 'an adjudication upon the status of some particular subject-matter, by a tribunal having competent authority for that purpose,' or, in other words, 'a solemn declaration, proceeding from an accredited quarter, concerning the status of the thing adjudicated upon, which very declaration operates accordingly upon the status of the thing adjudicated upon, and, ipso facto, renders it such as it is thereby declared to be.'—2 Smith's Lead. Cases, 585, 586; Freeman, Judg. § 606." In fact, the authorities on the subject, as shown by brief of counsel for appellant, are too numerous to be cited in an opinion.

[McCann v. Ellis, et al.]

It is argued by appellee—and this is evidently the theory upon which the trial court acted—that as the proceeding in the chancery court to contest the will was one in rem, and as the court had jurisdiction of the subject-matter, it could, should, and did determine the rights of all parties concerned in the estate attempted to be devised by the will, and that therefore the interest which the plaintiff would have taken in the estate of her ancestor, had she died intestate, passed under the will to the defendants or those through whom they claim title, though it was decreed that there was no will so far as the rights of one heir, the complainant, were concerned; in other words, that the court could and did properly decree, on the complainant's bill to contest the probate of the will, that as to this plaintiff there was a will, but as to complainant, who alone contested, there was no will, and that the probate thereof as to her was set aside, but allowed to stand as to this plaintiff.

This argument is as unsound as it is specious. The fallacy lies in the fact that the chancery court, under the bill in question, and under the issues raised, together with those which could or should have been properly raised, had no power or right to determine, or to attempt to determine, who took the estate of the decedent, and whether they took by devise or inheritance. The only question really adjudicated, or that could or should have been adjudicated, was the question: "Will or no will." This was determined in the negative. The court, however, went, or attempted to go, further, and limited this status only to the rights of complainant. This the court could not do, because it was not within the issues raised by the pleadings. It probably could not have been done, had it been so attempted; but it was not so attempted. So much of the decree as attempted to limit or confine the status of the res to the rights of the complainant alone was wholly gratuitous and unavailing.

[Wilson, et al. v. Kirkland.]

The following principle of law is well settled, both in England and in America, and it is conclusive of the question involved in this case : A judgment in rem of a court of competent jurisdiction is conclusive against all the world, as to all matters properly adjudged and to all necessary consequences thereof; but a mere finding of the court in such proceedings as to a fact which is not essential or necessary to the determination of the question as to whether the judgment in rem ought to be pronounced is not, although contained in such judgment entry, conclusive as a judgment in rem upon the facts so found. Such judgments are conclusive only of such matters as are necessary to sustain the judgment.—*Burlen v. Shannon,* 99 Mass. 200, 96 Am. Dec. 733; *Maley v. Shattuck,* 3 Cranch. 458, 2 L. Ed. 498; *Ford v. Ford,* 68 Ala. 141; Black on Judg. § 795; 65 L. J. Q. B. (Eng.) 621.

The judgment is reversed, and a judgment will be here rendered for plaintiff, in accordance with the agreed statement of facts, as to the lands and damages.

Reversed and rendered.

DOWDELL, C. J., and SIMPSON and MCCLELLAN, JJ., concur.

