## Kaplan v. Coleman, *et al.*

### *Bill to Contest and Annul a Will.*

(Decided December 21, 1912. Rehearing denied February 6, 1913.
60 South. 885.)

1. *Pleading; Abatement; Requisite.*—A fair test of a plea in abatement of another suit pending, as to its sufficiency, is whether or not a final judgment in a prior suit would be conclusive and bar the second one, and to be sufficient to abate the second suit entirely the final judgment when rendered in the first suit must be good as a bar to the entire second action.

2. *Same; Suit to Vacate Probate; Pendency of Suit to Construe Will.*—A plea in abatement of a suit by an heir to declare a will admitted to probate void on the ground of a prior suit by the executors for the construction of the will is not strengthened by its allegation that a decree pro confesso has been taken and still stands against the heir in the suit by the executor.

3. *Abatement and Revivor; Plea; Grounds.*—The principle on which a plea in abatement of another action pending is. sustained, is that the later action is unnecessary and vexatious, and ordinarily it makes no difference that the initiative of the parties is reversed in the two actions.

4. *Same.*—Under the rule that an independent cross claim or right not directly involved in the issues to be determined by the original suit may be asserted in an independent subsequent action, the heir made a party respondent in a bill by the executors to construe the will is not bound to file a cross bill testing the validity of the will on the ground of testamentary incapacity or undue influence. as the heir may institute an independent suit on such grounds pending the suit for the construction of the will.

5. *Wills; Construction; Equity Jurisdiction.*—The jurisdiction of courts of equity to construe wills does not depend on the theory of equitable control and administration of trusts, and hence a bill for

construction need not show any necessity for nor any prayer for any other equitable relief; when a will is of doubtful construction the jurisdiction arises although no actual dispute has arisen.

6. *Same.*—Chancery courts have no jurisdiction to establish or probate wills and hence a bill for the construction of a will must exhibit a will which has been established in a court of probate and an allegation to that effect is jurisdictional.

7. *Same; Probate; Nature.*—The probate of a will is a judgment in rem and binding on the whole world so long as it stands; it is not subject to collateral attack and its validity can be contested and vacated only by seasonable appeal or by a bill filed to contest as authorized by section 6207, Code 1907.

8. *Same; Construction; Nature.*—A bill for the construction of a will is a bill to determine the rights of the parties thereunder and the court is conclusively bound by the fact of probate; hence averments of due execution of the will, testamentary capacity and absence of undue influence raise no issues.

9. *Same; Final Decree; Conclusion.*—A final decree construing a will and instructing the executors in the execution of the trusts created does not have the effect to strengthen the judgment of the probate court admitting the will to probate, but leaves its status unchanged.

10. *Same; Contests in Chancery; Nature.*—A contest of a will in chancery under section 6207, Code 1907, is in the nature of a proceeding in rem, and, if successful, the decree is conclusive that there is no will, either in whole or in part, as the contest may be framed and the proof show.

11. *Same; Probate; Suit to Contest.*—Code 1907, Section 6207 creates a new, substantive and independent right.

12. *Same; Probate; Issues.*—The issue of due execution of the will is distinct from the issues of testamentary incapacity or undue influence.

APPEAL from Calhoun Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by Robert Kaplan against Thomas W. Coleman and others, as executors of Lewis H. Kaplan, deceased. From a decree for respondents, complainant appeals. Reversed and rendered.

The appeal is prosecuted by Robert Kaplan from a decree of the chancery court holding certain pleas good and sufficient for the abatement of his suit, and their sufficiency for that purpose is the sole question presented. Appellant filed his bill of complaint in the Calhoun chancery court against appellees, as executors

of the last will of his father, Lewis H. Kaplan, and the several beneficiaries named in the bill are also made parties defendants. The object of the bill is to contest the validity of the will, and the chief prayer is for a decree adjudging that the said pretended will is no will, and that the same is void and of no effect, and that it be annulled. There is also an incidental prayer that the executors be required to account to complainant for all the property belonging to the estate of the deceased, and that they be removed from office and be restrained from further interference with the estate. It appears from the bill that the testator was a resident of Atlanta in the state of Georgia; that he died about March 8, 1910, leaving complainant as his son and only legal heir; that three days before his death said decedent executed an instrument purporting to be his last will and testament; that said will was duly probated in the probate court of Calhoun county on April 2, 1910, and letters testamentary were issued to the respondents Coleman, Shepperd, and Wellborn, who are named as executors in the will; and that these persons have entered into possession of the estate and are assuming to control and administer it. The grounds of contest are: (1) That the will is improperly executed as to attesting witnesses under the laws of Georgia; (2) that it is void for want of testamentary capacity in the testator; (3) that it is void because it was procured by undue influence. The will makes several small personal gifts and provisions, provides an annuity of $50 per month to complainant, to be contingently enlarged to $100, creates a trust for complainant's children contingently, and gives all the rest of the estate in trust for certain charitable institutions in prescribed proportions, including a hospital to be founded by the executors at Anniston, of which

they are to be trustees. It is provided that, if any of
the several trusts should fail for any reason, the prop-
erty devoted to its use should be prorated to those re-
maining, and, if all the others should fail, the whole
shall go to Anniston Hospital. The bill attacks each
one of these various trusts named in the will, on the
grounds that they seek to create perpetuities, or are
void for want of properly designated beneficiaries, or
for the indefiniteness of their terms, and it contains a
general prayer for relief. In abatement of this suit
each of the respondents filed a special plea setting up
the pendency of a prior suit in the same court and
showing that this prior suit was begun by an original
bill of complaint filed by said trustees against the said
Robert Kaplan and the other beneficiaries named in
the will for the purpose of securing a construction of
the various provisions of the will and directions as to
the proper execution of its several trusts. The plea
further states that in the proceeding a decree pro con-
fesso has been taken and entered against Robert Kaplan,
the complainant here, which decree still stands against
him.

WHITSON & HARRISON, for appellant. The law is un-
questionable that the pendency of the other suit would
not abate the pendency of this suit.—*Hall v. Holcomb,*
26 Ala. 720; *Rood v. Eslava,* 17 Ala. 430. The chancery
court cannot be used to contest the validity of a will
at the suit of the executors assuming to act there-
under and hence the pendency of such a suit in court
would be without jurisdiction and could not be plead-
ed in abatement of this suit.—*Rood v. Eslava, supra;
W. U. Tel. Co. v. Crumpton,* 138 Ala. 640; *Williams v.
Gaston,* 148 Ala. 214. See, also, in this connection 3
Blatch, 240; 22 Fed. 710; 30 Fed. 455; 39 Fed. 587;

[Kaplan v. Coleman, et al.]

41 Calif. 61; 109 Iowa 504; 184 Mo. 1; 94 N. C. 425; 13 Wisc. 84; 3 Swanst. 703. A final decree in the former proceedings would not have been res judicata.— *Crumpton's Case, supra*, and *Gaston's Case, supra; Scott .v. Ware*, 64 Ala. 172; *Teague v. Corbett*, 57 Ala. 529; *Ford v. Ford*, 68 Ala. 141; *Macauley v. Robinson*, 70 Ala. 434; *Crowder v. Red Mountain Co.*, 127 Ala. 254; *Jenkins v. Harrison*, 66 Ala. 345. It would have been improper for appellant to have filed a cross-bill in the original suit.—Section 3118, Code 1907; *Bickley v. Bickley*, 136 Ala. 548; *C. L. F. Co. v. Webb*, 54 Ala. 680; *Nelson v. Dunn*, 15 Ala. 501; *O'Neal v. Perryman*, 102 Ala. 522; *Shelton v. Carpenter*, 60 Ala. 200. The bill was filed under the authority of section 6207, Code 1907, and was the proper method of contesting the will.

KNOX, ACKER, DIXON & STERN, and WILLETT & WILLETT, for appellee. The court properly upheld the plea in abatement.—1 Cyc. 21; 1 Ency. Pl. & Pr. 750; *Foster v. Napier*, 73 Ala. 593; *Hause v. Hause*, 57 Ala. 265; *Gray v. Briarfield Co.*, 94 Ala. 308; *Troy Fert. Co. v. Prestwood*, 116 Ala. 123. Bills to construe wills result in final judgments absolutely fixing the ownership of the property.—Pomeroy's Eq. Jr. 2732; 109 Mass. 511; 7 Gray 400; 34 Vt. 309; 135 Mass. 185; 29 Ohio St. 147; 167 U. S. 310; 9 S. E. 71; *Cowles v. Pollard*, 51 Ala. 445. The judgment rendered in the prior suit would be conclusive of the matter sought to be litigated in this suit.—*Rood v. Eslava*, 17 Ala. 430; *Foster v. Napier, supra; Newell v. Newton*, 10 Pick. 470; *Hood v. Wallace*, 25 Ala. 438; *Sims v. Hersfeld*, 95 Ala. 145; *Cook v. Parham*, 65 Ala. 456. See, also, 63 Ala. 456; 31 Ala. 160; 31 Ala. 575; 25 Ala. 317; 56 Ala. 504; 3 Port. 133. The heir might have litigat-

ed by way of cross-bill in the former suit.—10 N. W. 735; 29 N. E. 1135; 14 Allen 539; 31 S. E. 612; *K. C. M. & B. v. Railroad Com.*, 31 South. 131; 98 Ind. 470; 30 Calif. 379. There can be but one administration of a trust fund.—*Taber v. Royal I. Co.*, 124 Ala. 698.

SOMERVILLE, J.—(after stating the facts as above). This bill is filed by the sole heir at law of the testator to contest and annul the will of the latter, in accordance with the provisions of section 6207 of the Code.

The sufficiency of the pleas in abatement, as filed by the executors of the will must be tested primarily by a consideration of the object and scope of the pending suit for testamentary construction, and the nature of the remedy given by statute for the contest of wills in chancery.

A plea in abatement because of another suit pending bears a strong analogy to a plea of res judicata, and a fair test of its sufficiency is whether a final judgment or decree in the prior suit would be conclusive between the parties and operate as a bar to the second. —*Foster v. Napier*, 73 Ala. 595, 604. And to be sufficient to abate the second action entirely, a final judgment or decree when rendered in the first, must be good as a bar to the entire second action.—*Howell v. Howell*, 171 Ala. 502, 54 South. 601.

In this state the jurisdiction of chancery courts to entertain bills for the construction of wills does not, as in most states, depend upon the theory of the equitable control and administration of trusts, and a suit for testamentary construction need not exhibit any necessity, nor any prayer, for any other equitable relief. Whenever the provisions of a will are of doubtful construction or of disputable solution, as to which rational

minds may well differ, the jurisdiction arises.—*Cowles v. Polard,* 51 Ala. 445; *Carroll v. Richardson,* 87 Ala. 605, 6 South. 342. It is not necessary that a dispute shall have actually arisen; it is enough that it may arise, or that mistakes may occur, by reason of doubtful terms.

The bill filed by the executors in this case sufficiently shows a necessity for the construction of this will as a guide to its due and proper execution by its trustees, in behalf of its several beneficiaries.

Since chancery courts have no jurisdiction in this state for the probate or establishment of wills, a bill for testamentary construction must obviously exhibit a will which has been duly probated in a court of probate. Such an allegation is jurisdictional, and the *fact* of probate is essential to its exercise.

The executors' bill in this case alleges that the decedent was a resident of Alabama, that the will in question was duly executed by him in accordance with the laws of Alabama, and that it was duly admitted to probate in the probate court of Calhoun county. The theory of the abatement pleas is that these allegations necessarily put in issue not only the fact of due and formal execution, but also the facts of testamentary capacity and undue influence, as affecting the validity of the will; that a decree granting the relief prayed for would necessarily be decisive of these questions; that Robert Kaplan, the contesting heir, being properly a party defendant to the proceeding, would be adversely concluded by such decree; and that he can avoid such a result only by filing his cross-bill and thereby contesting the validity of the will in that proceeding, failing which he cannot afterwards avail himself of the right of independent contest by original bill.

If these contentions were sound, it is clear that these abatement pleas would be sufficient and effectual. "The principle upon which such a plea is allowed and sustained is that the later action is deemed unnecesary and vexatious. And, clearly, in order to hold the subsequent suit to be unnecessary, it is an essential prerequisite that the judgment of the former or prior action should be conclusive between the parties and operate as a bar to the second."—*Williams v. Gaston,* 148 Ala. 214, 42 South. 552. And it ordinarily makes no difference that the initiative of the parties is reversed in the two proceedings.—*Troy Fertilizer Co. v. Prestwood,* 116 Ala. 119, 22 South. 262.

But we are unable to agree with the contentions of appellees in this regard. The probate of a will is a judgment in rem. It is binding upon the whole world so long as it stands, and is not subject to collateral attack. —*Goodman v. Winter,* 64 Ala. 410, 426, 38 Am. Rep. 13; *Matthews v. McDade,* 72 Ala. 377, 386; *McCann v. Ellis,* 172 Ala. 60, 55 South. 303. Its validity and effect can be contested and vacated only by a seasonable appeal, or by a bill filed under the statue. Id. It determines the status of the res; that is, whether there is a will or not, and not the rights of the parties under the will.—*McCann v. Ellis, supra.* A suit for the construction of a will is in effect a suit to determine the rights of the parties under the will, and proceeds upon the necessary assumption that there is a valid will. In such a suit the court cannot look behind the fact of probate, and is conclusively bound by that fact. Averments that the will was duly executed, or that there was testamentary capacity or the absence of undue influence, are foreign to the purposes and requirements of the proceeding, and raise no issues that the court can consider, or that can be expressed in its decree. The issue ten-

[Kaplan v. Coleman, et al.]

dered is merely whether there is a valid record judgment of probate, and that issue would be met and defined by a plea of nul tiel record. Indeed, even if the potential contestant should by answer deny that the will was duly executed, and expressly affirmed that the testator was without capacity to make it, or was unduly influenced thereto, even this would raise no issue which the court would be called upon or authorized to determine.

It follows that a final decree construing the will and instructing its executors as to the operation of its terms, and the execution of its trusts, while it would ascertain and conclusively determine the *existence of a probated will,* would do no more than that. It would not strengthen the judgment of probate, but would leave it as it was, its status unchanged, and its binding force upon the heir neither augmented nor diminished.

Nor is the plea strengthened by its showing that a decree pro confesso has been taken and still stands against appellant in the executors' suit; for a default, as a res judicata, confesses only the cause of action and such facts as are relevant and necessary to support it. —*McCalley v. Robinson,* 70 Ala. 432; *Ford v. Ford,* 68 Ala. 141; *Crowder v. Red Mt. Mining Co.,* 127 Ala. 254, 29 South. 847. Certainly it neither confesses nor determines any issues that would not and could not be determined by the final decree.

It is insisted, however, that it is open to appellant to defeat the suit for construction by filing his cross-bill against the other parties thereto, and that he is bound to do so.

Section 6207 of the Code provides that "any person interested in any will who has not contested the same under the provisions of this article, may at any time

within twelve months after the admission of such will to probate in this state contest the validity of the same by bill in chancery. * * *" The origin, history, and purpose of this statute are fully discussed in the case of *Knox v. Paull*, 95 Ala. 505, 11 South. 156. It was there said, per Walker, J.: "Good reasons may be suggested for affording this additional opportunity to contest the validity of a will which has been regularly admitted to probate after due notice to all parties in interest. The application to prove the will usually follows close upon the death of the testator. The application comes on for hearing as soon as the short prescribed terms of notice have expired. It must frequently happen that persons interested in the proceeding are wholly unable, while it is pending, to inform themselves as to the instrument offered for probate, or of the circumstances attending its execution. Facts affecting its validity may be developed afterwards, and the failure to discover them, or to obtain the evidence to prove them, may have been without the fault or any lack of diligence on the part of those interested in making a contest. In view of these contingencies, there is manifest propriety and justice in allowing a reasonable time after a formal and regular probate, for a contest of the validity of the will by one who did not make a contest in the probate court. We have no doubt that this was the intention of the statute."

The statute is not merely one of limitation, but creates a new, substantive, and independent right, which may be exercised within the time prescribed. Doubtless the former period of five years was found to work inconvenience and hardship to those interested in the validity of the will, and was for this reason shortened to 12 months. In accordance with the views above

[Kaplan v. Coleman, et al.]

quoted, we think the statute is not primarily a limitation, but rather *an extension;* and that its purpose is to allow to contestants coming within its terms the full period of 12 months after probate for the initiation of a contest.

It may be that the operation of this principle would be suspended in favor of one who has under the will a right of property adverse to the rights of the would-be contestant, and who, being in possession, is invested by law with an independent right of action for the purpose of quieting his title against all adverse claimants. Such was the decision in *Faught v. Faught,* 98 Ind. 470, where the executor had previously filed a bill to construe the will and *to quiet title,* as authorized by the statute. The reasoning in that case seems sound on this proposition. It is, however, not necessary to decide it here, for no such case is presented.

The contest of a will in chancery is in the nature of a proceeding in rem. If successful, the decree is conclusive that there is no will either in whole or in part as the contest may be framed and the proof may show.—*McCann v. Ellis,* 172 Ala. 60, 55 South. 303; *Lyons v. Campbell,* 88 Ala. 462, 7 South. 250.

If it be conceded that appellant might have filed a cross-bill to the executors' suit, contesting the validity of the will, as being a matter growing out of or connected with the original suit, it by no means follows that he was or is bound to do so. As we have already declared, that suit does not involve the issue of the validity of the will, and it is the settled rule that an independent cross-claim or right, not directly involved in the issues to be determined by the original suit, need not be there asserted, but its assertion and enforcement may be postponed for independent subsequent action. —*Rapier v. Gulf City Paper Co.,* 64 Ala. 330; *Osborn*

*v. Cloud,* 23 Iowa, 104, 92 Am. Dec. 413; *Washburn,
etc., Co. v. Scutt* (C. C.) 22 Fed. 710; Story's Eq. Pl.
§ 737; 1 Dan. Ch. Pr. 657.

We think it clear that the executor of a will has no
right, under the guise of a suit for its construction,
to bring into court any one having an independent
right to contest it, and thus anticipate and precipitate
such contest against the latter's will, and in advance of
the time to which he is authorized by the statute to
postpone such action. To hold otherwise would in ef-
fect create a new jurisdiction in chancery courts *for the
establishment of wills,* and at the same time emascu-
late that provision of the statute which authorizes a
contest within 12 months after the probate of the will;
for it is to be observed that the probate may be effect-
ed after 10 days' notice to residents and three weeks'
notice by publication to nonresidents, and the person-
al representative might then immediately file a bill for
construction and establishment of the will.

In any view of appellees' case, we do not see how it
can be plausibly argued that the contest grounds of
testamentary incapacity and undue influence are in-
volved in or denied by the allegation of the executors'
bill that the will was duly executed by the testator; for
due execution according to law is a distinct issue in it-
self, and must be distinctly denied if relied upon as a
ground of contest. Moreover, due execution of the
will is perfectly consistent with the lack of testamen-
tary capacity, or the operation of undue influence. And,
if appellant's bill for contestation sets up—as it does—
these two grounds of contest, it is certain that his suit
cannot be abated by the pendency of another suit to
which he is an involuntary party, which involves only
another and different ground of testamentary invalid-
ity, and which could be conclusive only of that one issue

[Morton v. Allen.]

if it went to final judgment. A contestant's case cannot be split, and he must be barred as to all of his case or he is barred of nothing.

We have given due consideration to the authorities which are cited and discussed in the brief of counsel for appellees. Only one or two of them support their proposition, notably the case of *Faught v. Faught,* 98 Ind. 470. The opinion, by Elliott, J., is both able and instructive; but, in so far as his conclusion rests upon the abating sufficiency of a prior suit to merely construe the will, it proceeds upon a conception of law and a theory of pleading which we cannot approve.

We think the pleas in abatement were insufficient, and should not have been sustained. The decree of the chancery court will be reversed, and a decree will be here rendered in accordance with this conclusion.

Reversed and rendered.

ANDERSON, MAYFIELD, and SAYRE, JJ., concur.