(98 South. 465)
**NEWMAN et al v. MARTIN.** (4 Div. 86.).

(Supreme Court of Alabama. Dec. 20, 1923.)

I. **Wills** ⬅222—Estoppel and waiver in contest suit not pleadable in probate or equity court. .

The purpose of Code 1907, § 6207, permitting wills to be contested in equity after admission to probate, being to confer upon the equity court the probate court jurisdiction in will contests, an alleged waiver and estoppel of the petitioner for probate was not grounds for contest in the probate court, and therefore cannot be set up in the statutory proceeding.

2. **Wills** ⬅222—Contest by bill in chancery is proceeding in rem.

The contest of a will by bill in chancery is a proceeding in rem exclusively for determination of the status of the res, and not the rights of the parties.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Bill in equity by Robert Newman and others against Mollie Martin, to annul the probate of a will. From a decree sustaining demurrer to the bill, complainants appeal. Affirmed.

Farmer, Merrill & Farmer, of Dothan, and R. W. Miller, of Abbeville, for appellants.

The respondent in writing renounced her right under the will, and the will was inoperative as to her. She could not thereafter probate the will and take thereunder. 40 Cyc. 1898; 1 Pom. Eq. Jur., 395; Defreese v. Lake, 109 Mich. 415, 67 N. W. 505, 32 L. R. A. 744, 63 Am. St. Rep. 584.

O. S. Lewis, of Dothan, for appellee.

The phase of the bill setting up an estoppel and assigning it as a ground of contest was subject to demurrer. Kaplan v. Coleman, 180 Ala. 267, 60 South. 885; Ex parte Walter, 202 Ala. 281, 80 South. 119.

GARDNER, J. The present bill was filed by the appellants against the appellee, seeking the annulment of the probate of the will of Sara A. Newman, deceased. In one aspect the bill discloses that it is filed by the complainants as heirs of said Sara A. Newman, and no contest was entered in the probate court when the will was offered for probate. Grounds for contest are alleged to be unsoundness of mind of the testatrix and undue influence exercised upon her in the execution of the will. The bill was filed within the period fixed by section 6207 of the Code of 1907, and the demurrer interposed to this phase of the bill was overruled.

[1] In other paragraphs, however, it is alleged that the respondent filed a petition to probate the will after having signed a waiver of her rights thereon, and consented to a sale of the lands for division following a controversy between the parties to this suit, as to the validity of the will upon the grounds of unsoundness of mind and undue influence. This waiver is referred to in one report as a renunciation of the will by the devisee (40 Cyc. 1898), and this conduct of the respondent with reference thereto is likewise set up as a quasi estoppel. The alleged waiver of respondent's rights under the will would not, however, seem to invalidate the will which contained other provisions unaffected by the devise to respondent, and did not present a ground of contest in the probate court upon the question "will or no will."

[2] This court has held that the provisions of section 6207, supra, were for the purpose of conferring upon a court of equity the jurisdiction of the probate court as to the contest of a will, and that the court in such a proceeding is exercising a special statutory power; that the purpose of the statute was merely an extension of time for the contest.

The matter alleged, therefore, not being grounds for contest in the probate court, could not be made so by a bill in equity filed under the statute. Nor could the question of the alleged estoppel be presented in such a statutory proceeding. In Ex parte Walter, 202 Ala. 281, 80 South. 119, this court held, following in the wake of McCann v. Ellis, 172 Ala. 60, 55 South. 303, and authorities therein cited, that a proceeding of this character was a proceeding in rem, and exclusively for the determination of the status of the res, and not the rights of the parties. Under this authority, therefore, it is very clear that this matter of quasi estoppel could not be here set up in a statutory bill of this character, and the court below correctly ruled in sustaining the demurrer to this feature of the bill.

Let the decree be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.