196 So. 718

### Ex parte RUSSELL.
### 7 Div. 625.

Supreme Court of Alabama.
June 6, 1940.

Chas. F. Douglass, of Anniston, for respondent.

Rutherford Lapsley, of Anniston, for petitioner.

LIVINGSTON, Justice.

The petitioner in this cause, Wesley Russell, prays for a writ of mandamus addressed to the Hon. R. B. Carr, as Judge of the Circuit Court of Calhoun County, to show cause why the decree or order removing this cause from the law side of the docket to the equity side thereof should not be expunged.

It appears that a petition to probate the will of one Lizzie Brown, deceased, was filed in the Probate Court of Calhoun County, Alabama, on September 18, 1939, and that October 18, 1939, was set as the date for hearing said petition, and that notice was given of the time and place for hearing the same. On October 18, 1939, the date set for hearing said petition, one Firmwood Boisey Holloway appeared · in the Probate Court of Calhoun County and filed a contest of the probation of said will. The basis for this contest was alleged to be the execution by the said Lizzie Brown of a will subsequent to that offered for probate.

On October 20, 1939, the said Wesley Russell filed in the probate court, as his initial pleading in the matter of the contest, a demand for the transfer of the contest to the Circuit Court of Calhoun County, and demanded a jury for the trial of the issues involved. Thereupon the Judge of Probate, pursuant to section 10636, Code of 1923, certified the proceeding to the circuit court. Some other pleadings, not necessary to be here noticed, were filed in the circuit court.

Thereafter, on December 8, 1939, and while the proceeding for trial by jury of the contest was pending on the law side of the docket of the Circuit Court of Calhoun County, the said Firmwood Boisey Holloway filed in the Circuit Court of Calhoun County, in Equity, a petition for the transfer of the cause to the equity side of the docket. This petition, which is in the nature of an original bill in equity, alleges, in substance, that Lizzie Brown, on or about May 23, 1924, executed a will naming Wesley Russell as her beneficiary; that on a later date, to-wit June 7, 1939, Lizzie Brown executed another will revoking the will executed May 23, 1924, and in which later will he, Firmwood Boisey Holloway, was named chief beneficiary; that the will of June 7, 1939, made Holloway beneficiary pursuant to an oral agreement made between Lizzie Brown and Holloway to the effect that Holloway would provide a home for the step-father of Lizzie Brown during the remainder of his life; that the said Lizzie Brown died August 17, 1939. The petition or bill of complaint then recites the proceedings had up to that time in the matter of probating the will of 1924. The petition or bill of complaint contains a prayer for a transfer of the case from the law side of the docket to the equity side, and further prays that "Upon the hearing of this cause, the court will impanel a jury and direct that the issues of fact be referred thereto for its verdict, the same to be considered the basis of a final decree declaring that the will of the said Lizzie Brown carrying date of May 23, 1924, is not her last will: that the same was revoked by the subsequent will executed by her ·June 7, 1939, a copy of which is attached hereto as exhibit B; and further declaring the said will of June 7, 1939, to be the last will and testament of the said Lizzie Brown, and if mistaken in his prayer for relief, in anywise, then he prays for such other, further and additional relief as in equity and the premises he may be entitled to." Demurrers were filed ·to this petition or bill of complaint, but were not ruled on.

On March 11, 1940, Hon. R. B. Carr, Judge of the Circuit Court of Calhoun County, entered an order transferring the cause, then pending in the Circuit Court of Calhoun County, from the law side to the equity side of the docket. To expunge this order or decree of transfer, this petition for mandamus was filed.

■ Where the court is without jurisdiction to make an order transferring a cause to the chancery court, mandamus lies to compel the expunging of the order. 38 Corpus Juris section ·130, page 631; Ex parte McFry, 218 Ala. 21, 117 So. 464.

■ In this State the probate of a will is a matter resting exclusively in the jurisdiction of the probate court. Section 10609, Code of 1923. "Chancery courts have no jurisdiction in this state for the probate or establishment of wills." Kaplan v. Coleman, 180 Ala. 267, 60 So. 885, 887. The right of contest of a will in a court of equity is of purely statutory creation (section 10637, Code, as amended, Acts 1931, page 844), and which statute creates a new substantive and independent right, which may be exercised in the time prescribed. Kaplan v. Coleman, supra. The foregoing statute expressly provides that such

644

contest is to be instituted *"within the six months after the admission of such will to probate in this state."* (Italics supplied.) "The admission of the will to probate in the probate court is therefore a condition precedent to the jurisdiction of the equity court as to such a contest." Wachter. v. Davis, 215 Ala. 659, 111 So. 917.

In the instant case, the probate of the will is essential to the exercise of the equity court's jurisdiction (Wachter v. Davis, supra). Therefore, the order transferring the cause to the equity side of the docket was error, and should be expunged. It follows that the writ of mandamus should be and the same hereby is granted.

Writ awarded.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.