**MITCHELL et al. v. NIXON et al.**

No. 14178.

United States Court of Appeals Fifth Circuit.

Nov. 25, 1952.

Erle Pettus, Sr., Erle Pettus, Jr., Birmingham, Ala., for appellant.

Hyman Rosenfeld and Aubrey Dominick, Tuscaloosa, Ala., Ira D. Pruitt, Livingston, Ala., Gordon Madison, Tuscaloosa, Ala., for appellees.

Before HUTCHESON, Chief Judge, and BORAH, and STRUM, Circuit Judges.

BORAH, Circuit Judge.

This appeal is from a final judgment of the United States District Court for the Northern District of Alabama, dismissing the amended complaint of William O. Mitchell and Royce N. Mitchell, on the ground that the court did not have jurisdiction of the subject matter of the litigation.

The appellants, heirs of W. J. Nixon, deceased, brought this action in the court below to contest the last will and testament of W. J. Nixon, which will had theretofore been admitted to probate in the Probate Court of Sumter County, Alabama.[1] In

---

11. Cf. United States ex rel. Montgomery v. Ragen (D.C.Ill.), 86 F.Supp. 382, 387.

1. W. J. Nixon left a last will and testament, dated November 11, 1941, in and by which he devised and bequeathed all of his property to his widow, Ella P. Nixon, whom he appointed, together with Allen M. Tartt, as co-executors. On July

24, 1951, Ella P. Nixon and Allen M. Tartt filed a petition in the Probate Court of Sumter County, Alabama, seeking the probate of the will; thereafter, and within the time provided by law, all of the heirs at law and next of kin of W. J. Nixon received notice of the application for the probate and of the date, August

their complaint they alleged that the will was not executed and witnessed in the manner required by law, that the decedent was of unsound mind at the time of its execution, and that execution was obtained by means of fraud and undue influence exerted by the defendant Ella P. Nixon, widow of W. J. Nixon, and by other persons. The relief prayed was that the will be declared invalid, that the value of the separate estate of Ella P. Nixon be determined as of the date of the death of W. J. Nixon, and that the value of her interest in certain disputed lands to which appellants possessed a quit-claim deed be determined. The appellee, Ella P. Nixon, appearing individually and as executrix of the estate of W. J. Nixon, deceased, and the appellee, Allen M. Tartt, as executor of said estate, moved in the district court to dismiss the amended complaint on the ground, amongst others, that the court lacked jurisdiction of the subject matter of the litigation for the reason that a proceeding to contest a will after its admission to probate under Title 61, Section 64[2] of the Code of Alabama of 1940 is a proceeding in rem, and in fact but a part and extension of the original probate proceedings which is limited to determining the validity of the will; and, being merely a matter of procedure ancillary to the original probate, it is not such an action or suit inter partes as would give a Federal court jurisdiction. The district court sustained the motion and dismissed the action and this appeal followed.

In the case of Farrell [O'Callaghan] v. O'Brien, 199 U.S. 89, 25 S.Ct. 727, 50 L. Ed. 101, it was held that inasmuch as the authority to make a will is derived from the state, matters of pure probate are not within the jurisdiction of courts of the United States. Included therein are disputes concerning the setting aside of a probate in cases where the remedy to set aside afforded by state law is a mere continuation of the probate proceeding, which is allowed by the state law for the purpose of giving to the probate its ultimate and final effect.[3] This holding is, however, qualified by the provision that if a state law does give to the citizens of the state a right in an independent action or suit inter partes to assail the probate of a will, the courts of the United States in administering the rights of citizens of other states or aliens will enforce such remedies. The appellants contend that the law of Alabama is in keeping with the latter provision for the reason that a contest of a will in a court of equity under Title 61, Sections 64 and 65 of the Code of Alabama of 1940 is an independent action or suit inter partes and not a proceeding in rem limited to determining the validity of the will. We cannot at all agree.

In the first place, the petition in the district court disclosed on its face that it is an attack upon the validity of the will itself, rather than a dispute between parties, who, having accepted its existence, differ as to its construction or interpretation. The question, "will or no will" is, in effect, required to be answered. We think that the question is one that should be addressed to the state court.

Here, and pursuant to the provisions of Title 61, Section 63 of the Code of

20, 1951, set for the hearing. On the date aforementioned, certain named heirs filed in the said Probate Court a contest of the will, and requested and secured an order transferring the contest to, the Circuit Court of Sumter County where a trial was had during the period of October 29, 1951, through October 31, 1951, and which resulted in a jury finding that the instrument offered for probate was the "true and legal last will and testament of W. J. Nixon, deceased." Thereafter, the record of the proceedings in the Circuit Court was duly certified back to the Probate Court, which, on November 5, 1951, admitted the will to probate.

2. This section provides as follows:
   "Any person interested in any will, who has not contested the same under the provisions of this article, may, at any time, within the six months after the admission of such will to probate in this state, contest the validity of the same, by bill in equity in the circuit court in the county in which such will was probated."

3. Case of Broderick's Will, 21 Wall. 503, 88 U.S. 503, 22 L.Ed. 599; Ellis v. Davis, 109 U.S. 485, 3 S.Ct. 327, 27 L.Ed. 1006; Sutton v. English, 246 U.S. 199, 38 S.Ct. 254, 62 L.Ed. 664.

Alabama of 1940, it affirmatively appears[4] that the will was contested in the Circuit Court in Sumter County, Alabama, by certain of the heirs of the decedent, W. J. Nixon, and the will was held valid and was subsequently admitted to probate. The only remaining method of contest under Alabama law is under the provisions of Section 64 of the Alabama Code which provides that any interested person may contest the validity of a will within six months after its admission to probate, by a bill in equity in the Circuit Court. Section 65 further provides that in the event a contest of the probate of a will is instituted in the Circuit Court, all interested parties shall be made parties to the contest; that the final decree in such contest proceedings shall be conclusive, and that thereafter no further proceedings shall ever be entertained in any courts of the state to probate or contest the probate of such will. These statutory provisions demonstrate that the contest of a will subsequent to its probate, is but an extension of the probate proceeding—a proceeding not inter partes but in rem. McCann v. Ellis, 172 Ala. 60, 55 So. 303; Kaplan v. Coleman, 180 Ala. 267, 60 So. 885; Ex parte Walter, 202 Ala. 281, 80 So. 119; Newman v. Martin, 210 Ala. 485, 98 So. 465; Nesmith v. Vines, 248 Ala. 72, 26 So.2d 265.

■ It is true that some of the cases do contain language which gives rise to an inference that a proceeding in rem to contest a will partakes, at least to some extent, of the nature of a suit inter partes;[5] however, the clear weight of authority fully sustains the proposition that the contest which may be instituted following admission to probate is but an extension of the time of contest and in effect, but another form of defense to the probate. Obviously there is no sound reason why the probate of a will should be a proceeding in rem, and a defense against its probate should be considered as a proceeding inter partes. Ex parte Walter, supra. Furthermore, as was pointed out in the Kaplan case, a suit to de-

termine the rights of the parties under a will does not determine the status of the res, that is, whether or not there is a will, but proceeds upon the necessary assumption that a will exists. We hold that the attempt of the appellants to annul the will of W. J. Nixon, deceased, is, under the law of Alabama, a mere defense to its probate, and part of the proceeding in rem. It follows that the court below did not have jurisdiction of the will contest, and the district judge rightly so held.

Affirmed.

4. See footnote 1.

5. See Kay v. Elston, 205 Ala. 307, 87 So. 525; Cone v. Bargainier, 218 Ala. 292, 118 So. 342; Ex parte Russell, 239 Ala. 641, 643, 196 So. 718, and Caverno v. Webb, 239 Ala. 671, 196 So. 723.