BOLIN, Justice
(concurring specially).
I concur fully with the main opinion. I write specially to note the in rem nature of a probate proceeding involving a decedent’s estate.
As a former probate judge, I am well aware that often after the administration of an intestate’s estate is begun in the probate court and letters of administration are granted, a purported last will and testament of the decedent is located and filed for probate. In that scenario, a fiduciary/personal representative for the estate— the administrator — serves until the will is admitted to probate and letters testamentary are granted. At that time, a new fiduciary/personal representative for the estate — the executor — is appointed, the prior administration is terminated, letters of administration are recalled, and a final settlement of that administration is ordered. All of this occurs while the entire estate res and the jurisdiction thereof is properly before one court — the probate court — and only one personal representative at a time is administering the decedent’s estate.
The more rare fact situation is found in this case, where an intestate action is initially commenced in the probate court, pursuant to the original and general jurisdiction granted the probate court by § 12-13-1, Ala.Code 1975, and thereafter the administration of the estate is removed to the circuit court pursuant to § 12-11-41, Ala.Code 1975. At the time of removal, the estate res is carried with the estate to the circuit court, which then takes sole jurisdiction of the in rem proceeding. The main opinion correctly cites Oliver v. Johnson, 583 So.2d 1331, 1332 (Ala.1991), for the proposition that after removal “the probate court loses jurisdiction over the estate, and the circuit court obtains and maintains jurisdiction until the final settlement of the estate.” (Emphasis added.)
In McCann v. Ellis, 172 Ala. 60, 55 So. 303 (1911), the Court held that proceedings to probate or to set aside the probate of wills are proceedings in rem, and not in personam. This Court stated:
“It has been uniformly ruled by all English and American cases which we have examined that proceedings to probate or to set aside the probate of wills are proceedings in rem and not in per-sonam; that such proceedings are exclusively to determine the status of the res, and not the rights of the parties. Judgments or decrees as to the status of the res, in proceedings strictly in rem, are conclusive against all the world as to that status; while such judgments as to the rights of parties, whatever may be the point adjudicated, not being as to the status, are only conclusive between the parties or privies to the suit.”
McCann, 172 Ala. at 69, 55 So. at 305. See also Tipton v. Tipton, 257 Ala. 32, 34, 57 So.2d 94, 96 (1952) (“The probate of a will is a proceeding in rem, fixes the status *857 of the res, binding all the world until revoked or vacated in a direct proceeding to that end.”); Caverno v. Webb, 239 Ala. 671, 674, 196 So. 723, 724 (1940) (“True, also, the probate of a will is a proceeding in rem, fixes the status of the res, binding on all the world until revoked or vacated in a direct proceeding to that end.”); Ex parte Walter, 202 Ala. 281, 283, 80 So. 119, 121 (1918) (“ ‘The probate of a will is a judgment in rem. ... Its validity and effect can be contested and vacated only by a seasonable appeal, or by a bill filed under the statute.’ ” (quoting Kaplan v. Coleman, 180 Ala. 267, 274, 60 So. 885, 887 (1912))).
As stated above, once the administration of the estate was removed from the probate court to the circuit court, the estate res and the in rem jurisdiction of it were also removed. Thereafter, the circuit court had the “power to do all things necessary for the settlement of such estate, including the appointment and removal of administrators, executors, guardians, and trustees and including action upon the resignation of either of them.” Article VI, § 144, Ala. Const.1901 (emphasis added). The United States Supreme Court succinctly summed up the obvious jurisdictional principle involved in this case in Marshall v. Marshall, 547 U.S. 293, 311, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006), when the Court, addressing the probate exception to federal jurisdiction, stated: “When one court is exercising in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res.” Accordingly, the subsequent attempt to probate the alleged lost will in this proceeding must proceed in the circuit court, the only court having in rem subject-matter jurisdiction of the estate after it was removed from the probate court until a final settlement of the estate is had.