# Town of Dothan *v.* Hornsby.

*Violating City Ordinance.*

(Decided April 20, 1907.   43 So. Rep. 714.)

*License; Insurance Agent; City Ordinance; Application.*—The defendant did not solicit insurance for himself but only as agent of three foreign insurance companies, each one of which had paid a license for doing an insurance business in the town.  Held, the defendant was not liable for his failure to take out an individual license under an ordinance requiring every person, firm or corporation soliciting insurance for himself or as the agent of any person, firm or corporation to take out licenses, etc.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Prosecution by the town of Dothan against M. D. Hornsby for soliciting insurance without a license. From a judgment discharging defendant, prosecutor appeals. Affirmed.

REID & HILL, for appellant.—Under the facts as agreed on the appellee was clearly a commercial broker, or broker within the meaning and definition of the law, and was clearly amenable to the ordinances of said town.—*Stratford v. City of Montgomery*, 110 Ala. 619; 2 A. & E. Ency. of Law, p. 57; 1 Bouv. L. Dic. 267.

ESPY & FARMER, for appellee.—A corporation can only act through its agents and to require a corporation tax and an agent tax for doing the identical business would be a discrimination.—*Mayor, etc., of Tuscaloosa v. Holtzstein*, 32 South. 1007. The cases of the *City of Mobile v. Craft*, 94 Ala. 156, and of the *City of Mobile v. Richards*, 98 Ala. 594, do not militate against this position.

HARALSON, J.—An ordinance of the town of Dothan provides "that every person, firm or corporation, who solicits, negotiates, sells, writes or receives an application, for himself or itself, or as the agent for any person, firm or corporation, life, fire or accident, insurance in the town of Dothan, before engaging in said business in said town, shall take out and pay for a license annually, for doing such business, in the sum of fifteen dollars, such license to expire on the 31st day of December of the year taken out."

It is shown by the agreed statement of facts, that three insurance companies, one life and two fire, were doing business in said town, in 1906; that each of said companies, before the defendant, Hornsby, did the act for which he was arrested, had complied, as alleged, with the laws of the town, in taking out a license to do an insurance business in said town; that defendant represented said companies as their agent in said town; solic-

ited insurance for them, received the premiums paid for policies, which premiums he forwarded to the respective companies, with the policies to the home office, and received as his compensation a commission on said premiums; that said companies did no business in said town, except that done by defendant as their agent, and that defendant received no salary or compensation for what he did, except his commissions on premiums for policies taken; that he kept an office in said town where he did business for these companies; that each of said companies was a foreign corporation, and, before the act complained of against defendant, had each taken out and paid for a license to do business in said town, for the year 1906, but defendant had taken out no separate license to do business therein. It is manifest from the statement of facts, that defendant did no insurance business in said town, except as the agent of said three companies.

The court was requested to make a special finding of the facts in writing, which it did, and the case was submitted for decision to the court without a jury.

The court found the defendant not guilty and discharged him, to which finding the plaintiff, town of Dothan, excepted and appeals, to reverse said judgment.

It appears to us, that there was no error in the action of the lower court. The defendant did not solicit insurance in the town for himself, and did it alone as the agent of the three companies which, as agent, he represented. Nor did he receive an application for insurance for himself, or "as the agent of any person, firm or corportion, life, fire or accident insurance, in the town of Dothan," but he solicited and received applications to and for the three companies he represented. The applications were not to him, as agent, but to the companies themselves, who received the applications and passed on them.

The contention of defendant is, that whatever he did in and about the soliciting of insurance in said town, was as the agent of said companies, and not as an individual. Corporations, we all know, can do business only by and through agents. It is a conclusion fairly drawn

from the ordinance quoted, that it was not the purpose of the town authorities to require a license from these companies, and also a license from the agent by and through whom their business was done.

The counsel for appellee well say in brief: "If appellant's contention (of requiring a license from the companies and also one from the agent representing them), is correct, then the court must hold that it was the purpose of the town, as expressed in said ordinance, to tax a corporation, doing business in the town, and make it pay one license, and also put an additional license on the agent representing said company, in doing the business of the company. The corporation can only act by and through its agent. Such a construction of this ordinance would lead to this,—that a private individual could do an insurance business in said town and pay one license, but if a corporation were to attempt to do the same business, it would have to pay a license for the privilege of doing business, which could only be done through its agent, and then the agent who transacted the business for the corporation, would also have to pay an additional license. In the case of the individual, one license only would have to be paid, while in the case of the corporation, two licenses would be paid for doing identically the same thing."

This would favor a discrimination against the corporation.

The case of *Stratford v. City Council of Montgomery*, 110 Ala. 619, 20 South. 127, is not opposed to the conclusion reached in this case. There the distinction is drawn between a commercial broker and an agent, and the court said: "We would say, the idea of exclusiveness enters into the employment of agency, while, in respect to brokers, there is a holding out of one's self, generally, for employment in matters of 'trade, commerce and navigation.' "

In that case, it was held that Stratford was a commercial broker, doing business for nonresident principals exclusively, and that a license tax imposed on him was an invasion of the commerce clause of the Constitution

[City of Selma v. Shivers.]

of the United States, and would be unconstitutional and void.

The judgment of the court below is affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.