# Curry *v.* Leonard.

*Bill to Set Aside a Deed and Charge With Personal Property.*

(Decided May 14, 1914.   65 South. 362.)

1. *Equity; Hearing; Bill and Answer.*—Where an action is presented for hearing upon the bill and the answer and the answer denies all the allegations of the bill, the undenied allegations of the answer must be taken as true.

2. *Deeds; Validity; Undue Influence; Confidential Relations.*— Where one claims under a conveyance, made to him by one to whom he stood in strong confidential relationship, a benefit which would not have been expected in the case of competent and prudent parties dealing at arm's length, the law presumes the donee to have been the dominant party, and casts on him the burden of proving that the transaction was voluntary on the donor's part.

3. *Same; Principal and Agent.*—Where a principal seeks to avoid a conveyance between himself and his agent on account of undue influence, he has the burden of showing that the agent occupied a position of advantage, in fact, over the principal, before the burden will be cast upon the agent of showing the voluntary character of the transaction.

4. *Same; Master and Servant.*—Where a single woman having no near relative or friends shortly before her death conveyed her property to her farm manager who had attended to her business affairs, and also acted as her personal servant, the conveyance reciting that it was in consideration of his services which were reasonably worth the value of the property, it will not be presumed that the grantee is the dominant party, and the burden of showing undue influence rests upon the representatives of the grantor.

5. *Same; Contemplation of Death.*—The fact that the conveyance was made in contemplation of death does not affect the burden of proof as to undue influence where the grantor had contractual capacity; for if the conveyance had been in form, a devise, the beneficiary would not have been compelled to establish its voluntary character, in the absence of a showing that he was active in procuring its execution.

APPEAL from Pickens Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by M. B. Curry as administrator against William T. Leonard to set aside a conveyance of land and to charge respondent with certain money and evidences of

debt alleged to have been transferred by a gift to him from complainant's testator. Decree for respondent and complainant appeals. Affirmed.

CURRY & ROBISON and PATTON, for appellant. Counsel abandon all grounds, except those of fraud and undue influence with the insistence that where a transaction is assailed on the grounds of fraud the burden is on respondent to prove the absence of fraud and that he acted in entire good faith.—*Penny v. McCollough,* 134 Ala. 580. Confidential relations existing, the law presumes the exercise of undue influence and requires clear and convincing proof to the contrary.—*Couch v. Couch,* 148 Ala. 332. This extends to all classes of cases in which confidence is reposed, and in such cases the onus is on the party in whom the confidence is placed to show that no fraud, undue influence, or other improper motive entered into the transaction.—*Phillips v. Bradford,* 147 Ala. 352; *Kyle v. Perdue,* 95 Ala. 579; *Ryan v. Price,* 106 Ala. 584.

JACK M. PRATT, for appellee. The answer was wholly and fairly a complete denial of all the material allegations of the bill, and in the absence of evidence to sustain the allegation of the bill, the burden of proof is not shifted to appellee. The admissions and denials must be taken together and due weight must be accorded the undisputed denials of the answer.—*Daughdrill v. Lockhart,* 61 South. 802; *Crawford v. Kirksey,* 50 South. 590. Every person who is sui juris and under no legal disability may dispose of property as he pleases by gift or otherwise.—*McLeod v. McLeod,* 40 South. 414; *Bayne v. Bayne,* 43 South. 562; *Sanders v. Gurley,* 44 South. 1023. As in the last cited case, the conveyance here sought to be set aside was based on a

valuable consideration and drafted by an attorney employed by the grantor for that purpose who acted as her adviser. This was sufficient to meet any burden resting upon respondent.—Authorities supra.

SAYRE, J.—Appellant filed the bill in this case to set aside a deed of land made by his intestate to appellee and to charge appellee with certain money and evidences of debt alleged to have been transferred by gift from intestate to appellee. The bill averred that the transactions between complainant's intestate and defendant were affected with fraud in several sorts; but now the insistence is only that the deed to the land and the transfers of personalty were procured by undue influence, and the case depends upon the propriety vel non of applying the technical, though salutary, rules as to the burden of proof placed by the courts upon the beneficiary in transactions between persons standing in a confidential relation, where the exercise of undue inflence is charged.

In his answer defendant denied positively and circumstantially the averments of fraud in all the forms alleged in the bill. He further averred that the several transactions complainant sought to impeach were not gifts at all, but were made upon adequate valuable considerations, and were the result of intestate's independent and uninfluenced volition after she had taken the advice of counsel. Defendant did, however, admit that at the time of the transactions in question complainant's intestate was a maid, 65 or more years of age, without near relatives or friends, and lived alone with defendant at her home in the country on the tract of land in dispute; that he had lived with her and had been her constant friend and companion for about 11 years, assisting her in her business affairs, caring for

her in sickness, superintending the cultivation of her land, repairing houses and fences, and working under her direction in whatever capacity she required of him; and that during the entire period and until her death on August 18, 1912, 9 days after the deed had been executed, she had been in poor health and required much care and attention, which he gave, along with his services in looking after her business affairs, without other compensation than his food and clothing and a small crop he made each year on a few acres of her land; that, as recited in the deed, deceased conveyed her land to him on consideration of her "feeling" for him and in full settlement of an acknowledged indebtednes on account of his faithful, continuous, diligent, and successful attention to her business affairs. The deed recited further that the contracting parties did have on the day of its date a complete settlement of all their dealings and transactions of every kind, and that the deed should stand as defendant's receipt in full for the same. It may be well to add, out of abundance of caution, that there is no intimation in bill or answer of the existence at any time of illegitimate relations between defendant and complainant's intestate. The record in respect of this conveyance presents the strongest aspect of complainant's case, and we need not stop to detail the charges or denials in regard to some minor transactions antedating the execution of the deed. No testimony was taken; the case being submitted for final decree on bill and answer:

Appellant's contention is that the concessions of the answer are sufficient to establish such a case of confidential relations as to put upon defendant the burden of proving that the intention to execute the deed resulted from a "pure, voluntary, and well-understood" act of the mind of deceased. Proceeding on the hypothesis

that deceased was of sound and disposing mind, that the relations between the parties were legitimate, that deceased was indebted to defendant on the considerations recited in the deed and averred in the answer, that the land was no more than a fair equivalent for the indebtedness, and that defendant resorted to no actual fraud or deceit in procuring the deed to be executed, as we must proceed in view of the manner in which the case is presented for decision, the theory of complainant's case comes to this: That, because defendant and deceased lived in a relation which must have been characterized by some degree of intimacy, and defendant for a long time acted as the agent of deceased in the transaction of her business affairs, deceased must be presumed to have executed the deed under *duress* of an influence that defendant had acquired over her.

In cases of this sort the question as to who is the dominant spirit in the transaction is of vital importance. Where the party claiming under a conveyance has thereby acquired from one to whom he stood in some confidential or fiduciary relation a notable benefit such as would not be expected in the case of competent and prudent parties dealing at arm's length, a situation which has been most frequently illustrated in cases of voluntary donation, equity, on a principle of general public policy, presumes the dominance of the donee or party claiming the benefit of the contract, and imposes upon him the burden of proving that the transaction was the result of the donor's free will, exercised with a knowledge of the facts that might have influenced him to a different course. This is not a doctrine of general and indiscriminate suspicion. It is applied in cases of agency only where the circumstances show it to be probable that the agent has an advantage over the principal. But ordinarily there is no reason for presum-

[Curry v. Leonard.]

ing that principal and agent stand upon a footing of inequality. And, if the principal or his representative seeks to avoid a transaction with his agent on the doctrine of presumed influence, to put the burden of explanation upon the agent, it must first be shown that the latter occupied a position of advantage in fact.

The charges of the bill are denied, and prove nothing. Defendant's admissions prove only that he was employed and trusted in the capacity of a plantation superintendent or overseer working under the direction of complainant's intestate, and that he cared for her in sickness. We have not the advantage of that comprehensive view of the relation between the parties which might have been afforded by evidence covering the period of their association and the immediate circumstances of the transaction in question. Actual fraud is not to be presumed, nor does the doctrine of confidential relations and its resultant rule as to the burden of proof become operative in cases of the sort here shown until something in the transaction arouses a just suspicion, and it is made reasonably to appear that the defendant held in general a position of actual dominating influence. Undue influence is not to be presumed from the rough and loosely defined relation of owner and farm superintendent, even though the superintendent acts also as a servitor in the performance of those ministrations which may be called for by the owner's feeble health. On the case shown by the admissions of the answer in this record the conveyance under attack must be accepted as made upon an adequate consideration, for so it appears on the face of the transaction, and defendant has admitted nothing to the contrary. It must also be taken as the product of the grantor's competent, free volition, for there is no inference as a matter of law, and we are unwilling to infer as matter of fact, on the

admissions of the answer, that there is the probability of undue influence having been exerted. These admissions do not induce the conclusion that the mind and will of deceased were under the influence and control of defendant. Everything admitted is consistent with the hypothesis that the parties held to each other a position of mutual independence, or even that the woman was the dominant spirit. Nor is the case altered by the reflection that the deed was probably made in view of the grantor's death, then close at hand. Her contractual capacity must still be presumed, for it is, in effect, affirmed in the answer, and there is no proof upon the subject. The circumstance that her death followed closely has only the effect of surrounding the transaction with some of the characteristic influence of a testamentary disposition. But, if the transaction had been in form and legal effect a devise, it is clear on the authorities that defendant would not have been called upon to show its free and independent character in the absence of proof or admission that defendant was active in procuring its execution. There is here neither proof nor admission of that sort. On these considerations we reach the conclusion that the chancellor's decree should be affirmed.

There was lack of necessary parties to the bill; the heirs of deceased being omitted. But no objection was taken on this ground, and we have sought to dispose of the case on its merits so far as they have appeared in defendant's answer.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and DE GRAFFENRIED, JJ., concur.