# O'Neill, *et al. v.* Johnson, *et al.*.

### Contest of Will.

(Decided November 16, 1916.  73 South. 21.)

1. **Wills; Contest; Evidence.**—Where the husband of testatrix had died 15 months prior to the death of testatrix, and the will of testatrix was being contested on the ground of testamentary incapacity, and undue influence, the will of the husband was not admissible in evidence, as it shed no light upon any inquiry of law or fact involved.

2. **Same; Jury Question.**—Under the evidence in this case it is a question for the jury whether a confidential relation existed between testatrix and the legatee whose legacy was contested.

3. **Appeal and Error; Parties Entitled to Allege.**—Where contestants claim that a legacy was obtained by undue influence, they were not in position to complain of the charge of the court, charging as a matter of law that a confidential relation existed between the testatrix and the legatee, since they had alleged and attempted to show such to be the case.

4. **Wills; Contest; Burden of Proof.**—Where a confidential relation existed between testatrix and a legatee, the activity of the legatee in procuring the will imposed upon the legatee and the proponent of the will the burden of proving that it was the product of the competent, free and uninfluenced volition of testatrix.

5. **Same.**—In such a case a conflict in the evidence would not shift to the contestant the burden on the question as to whether the legatee's activity was in order to procure the will, or merely a friendly service at the request of the testatrix.

6. **Appeal and Error; Review; Exceptions.**—Where the charge contained three distinct propositions, one of which was erroneous, an exception not specifically addressed to that part of the charge which was error, does not require a reversal because of the error.

APPEAL from Bullock Probate Court.

Heard before Hon. J. T. NORMAN.

Petition by Oscar Johnson and others, for the probate of the will of Mary A. D. Reynolds, with contest by W. T. O'Neill and others.  From a decree admitting the will to probate contestants appeal.  Affirmed.

ERNEST L. BLUE, for appellant.  NORMAN & RAINER, for appelleee.

SAYRE, J.— (1) No sufficient reason is suggested in the brief, nor has any occurred to us,. why the will of testatrix's de-

ceased husband should have been admitted in evidence on the contest of testatrix's will; the contest being based on grounds of alleged testamentary incapacity and undue influence. The husband had died about 15 months before testatrix leaving all his property to her. The contest involved no inquiry of law or fact upon which the husband's will shed any light. It was therefore properly excluded.

(2-6) Nor do we find reversible error in the other assignment which has been argued in the brief for appellants. The will in contest gave a legacy of $10,000, to L. D. Morris. Contestants (appellants) charged that the will had been induced by undue influence exercised by Morris. Whether there existed between testatrix and Morris a confidential relation within the meaning of the doctrine as to that subject maintained by the courts (*Curry v. Leonard,* 186 Ala. 666, 65 South. 362) was a question of fact to be decided by the jury on the evidence; but contestants have, of course, no reason to complain that the trial court, charging the jury as matter of law that such relation did exist, as to that improperly charged upon the effect of the evidence; for they alleged and undertook to prove such to be the case. But, further, that part of the court's oral charge made the subject of the thirty-fifth assignment of error, assuming the existence of a confidential relation between testatrix and Morris, proceeded to the broad statement, correct upon the assumption indicated, that Morris' activity about the preparation of the will imposed upon proponents the burden of proving that it was the product of testatrix's competent, free, and uninfluenced volition. But there was a dispute between the parties and in the evidence whether what Morris had done was the result of his intermeddling to procure the will or was the mere friendly performance of service specifically suggested and requested by testatrix, in which last event no burden of proof devolved upon him, and upon this question in respect to the manner and occasion of Morris' activities in the matter of the preparation of the will the court instructed the jury that the burden of proof was upon the contestants. This, we apprehend, was error. A relation of trust and confidence, in which the legatee held a position of probable dominating influence, shown, activity on the legatee's part was sufficient to put upon him, or upon the proponents of the will asserting his right, the burden of proving the will to have been executed without the intervention of undue influence. But the ends of justice do not

[O'Neill, et al. v. Johnson, et al.]

require a further shifting of the burden of proof in such cases. It was open for proponents to meet the case made by proof of a confidential relation and activity in the preparation of the will, so far as it rested upon mere presumption of law, by showing that the legatee's activity was not at all suggestive or officious, but was rather the mere mechanical performance of services specifically requested by testatrix, and of these facts no one could be better advised than the legatee for whose benefit, in part, the will was propounded. The burden, then, of explaining activities ought to rest upon the proponents. Nevertheless the decree in this cause will not be reversed on account of the error indicated; this for the reason that the exception did not sufficiently designate and call the court's attention to that part of the charge here under consideration. The part of the charge excepted to contained three distinctly severable propositions: The one erroneously, but harmlessly, stating the effect of the evidence as to the existence of a confidential relation; another correctly locating the burden of proof as to undue influence in general in the event of a confidential relation and superadded activity; the third stating the burden of proof as to the question whether the activity operated as a suggestion to testatrix or as merely mechanical obedience to her wishes. In this state of the exception there can be no reversal on it. The exception was too broad; it should have been specifically addressed to that part of the charge which was in error, and of which appellants would now have the advantage, without the inclusion of the correct and severable propositions.

We have thus considered those assignments of error which have been argued in the brief. Without considering other assignments not argued, it is proper to say that the verdict and decree in this cause are amply sustained by the evidence.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and GARDNER, JJ., concur.