(87 South. 525)

KAY v. ELSTON et al.   (7 Div. 92.)

(Supreme Court of Alabama.  Nov. 25, 1920. Rehearing Denied Feb. 10, 1921.)

1. Evidence ⬳226(4)—In a will contest case, evidence that one beneficiary suffered decree pro confesso inadmissible.

In a will contest case, evidence that one of the beneficiaries withdrew his answer and suffered a decree pro confesso is inadmissible against the others, for it could shed no light on the testamentary capacity of the deceased.

2. Depositions ⬳90—Where witness testified deposition is inadmissible except for contradiction.

Where a defendant to a will contest case, who answered interrogatories taken under Code 1907, § 4049 et seq., withdrew his answer and suffered decree pro confesso, his answers to interrogatories are inadmissible, such defendant having testified, save in so far as they may be used to contradict him.

3. Wills ⬳312—Rules of evidence apply to will contest, though proceeding is in rem.

Though a will contest where the testatrix's testamentary capacity was attacked is a proceeding in rem, yet, as it also partakes of the nature of a proceeding inter partes, the rules of evidence and procedure obtaining in the case of any customary proceeding inter partes apply.

4. Wills ⬳341—Decree upholding will not open to attack, though one of beneficiaries suffered decree pro confesso.

Where a will was contested on grounds of mental incapacity and undue influence, the issue was devisavit vel non, and a decree upholding the will is not open to attack because one of the beneficiaries withdrew his answer and suffered decree pro confesso, for the decree did not purport to determine the rights of the parties, and it appeared that evidence of the acts of such beneficiary who was charged with using undue influence was admitted.

5. Trial ⬳191(2) — In will contest charge properly refused as assuming confidential relation.

In a will contest a requested charge that the burden of showing the will was executed without undue influence rested on the proponent was properly refused, where based on the assumption that confidential relations existed between testatrix and her son living with her, who with his infant child were the only beneficiaries; the question whether the son dominated his mother in the making of the will being for the jury under the evidence.

6. Wills ⬳294—Deposition of witnesses taken in probate court in uncontested probate admissible in contest.

Generally speaking, under Code 1907, § 6209, depositions of witnesses to the will, taken in the probate court upon the uncontested probate of the instrument, are admissible in a subsequent contest.

7. Wills ⬳322—Objection that depositions of a witness in probate court were not signed waived by reliance on other objection.

In a will contest unsigned depositions of witnesses to the will taken in the probate court

on the uncontested probate were properly admitted; for, as objection was made on other specific grounds, the objection that the depositions were not signed was waived.

**8. Wills ⬗324(4)—Question whether testatrix knew the contents of the instrument for the jury.**

Evidence that testatrix prepared the original will, which was copied by her son, and incorporated in it her own ideas without suggestion from any quarter, makes the question whether the testatrix knew of the contents of her will one for the jury.

**9. Wills ⬗400—Appellate court will merely consider whether there was evidence for jury in will contest.**

On appeal in a will contest, the appellate court will not review de novo the question whether testatrix knew the contents of the will, but will merely determine whether there was evidence sufficient to carry to the jury that question.

**10. Appeal and error ⬗907(4)—Presumption in favor of rulings where all testimony not in bill of exceptions.**

Where the bill of exceptions did not purport to contain all the testimony, the appellate court will presume that there was evidence justifying the rulings of the trial court.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Bill by John Elston Kay, by his next friend, against L. R. Elston and Eva Elston to declare a will invalid and to remove administration from the probate to the circuit court. From decree rendered on a verdict of the jury finding the will valid, complainant appeals. Affirmed.

Charles F. Douglas, of Anniston, for appellant.

In cases like this testimony may take a wide range. 119 Ala. 641, 24 South. 459; 19 Ala. 80; 40 Cyc. 1155; 93 Ala. 293, 9 South. 311; 17 Ala. 58, 52 Am. Dec. 164; 52 Ala. 164. Undue influence was shown. Authorities supra. The duty was on the person offering the will to show that testatrix was fully advised of the contents of the paper. 33 Ala. 601. The depositions of the witnesses to the will were not signed, and were therefore not admissible. Sections 6188, 6209, Code 1907. The court should have admitted the decree pro confesso against L. R. Elston and his answers to interrogatories. 156 N. C. 340, 72 S. E. 357, 38 L. R. A. (N. S.) 745, Ann. Cas. 1913A, 85; 6 Watts & S. 431; 174 Ill. 184, 51 N. E. 227; 100 Ala. 168, 14 South. 685, 46 Am. St. Rep. 33; 106 Ala. 114, 17 South. 218.

James F. Matthews, of Anniston, for appellees.

The verdict of the jury supersedes all testimony, and prohibits the chancellor from considering any other. 91 Ala. 157, 8 South. 661. The court properly admitted the depositions of the witness to the will. 200 Ala. 420, 76 South. 352. Whether testatrix knew what she was doing was a jury question. 12 Ala. 685.

SAYRE, J. Appellant's bill in this cause instituted a contest of the last will and testament of Mollie F. Elston, deceased. Appellant is an infant grandson of deceased. The instrument in dispute purported to vest decedent's entire estate—worth about $1,000 —in her son L. R. Elston and his infant daughter, appellee Eva Elston. Its validity was contested on the grounds that testatrix was mentally incapable, and that L. R. Elston had exercised undue influence in procuring its execution. In pursuance of the verdict of a jury, to which the issues were submitted, the circuit court, sitting in equity, rendered a decree sustaining the instrument as the last will and testament of Mollie F. Elston, deceased. A bill of exceptions was reserved at the jury trial, and this appeal seeks to review the questions so raised.

[1-4] L. R. Elston filed his answer to the bill in due course, and thereafter his answers to interrogatories propounded to him under the statute. Afterwards this defendant withdrew his answer and appearance, and suffered a decree pro confesso. On the trial before a jury complainant offered in evidence the docket entry showing these facts and the interrogatories and defendant L. R. Elston's answers thereto. Defendant Eva Elston's objection to this evidence was sustained, and complainant excepted. It is too clear for argument that the proposed evidence could shed no light upon the testamentary capacity of the deceased. It is almost equally clear that the fact that defendant L. R. Elston had suffered a decree pro confesso to be entered against himself should not have been admitted in evidence for the purpose of prejudicing the case of the other defendant, while, as for his answer to interrogatories taken under the statute (Code, § 4049 et seq.), the statute makes a deposition so taken admissible when offered by the party taking it, but it is not the effort or effect of the statute to make such a deposition evidence against a party other than the deponent; such other party having had no part in its taking. Elston's deposition, so taken, might, indeed, have been used to contradict him in the event he became a witness and testified contrariwise, but that possibility was eliminated from the case when Elston was examined as a witness by complainant, and testified just as he had in answer to the interrogatories which had been propounded under the statute. True, the contest instituted by the bill in this cause was in the nature of a proceeding in rem

(Kaplan v. Coleman, 180 Ala. 267, 60 South. 885), but it was a controversy between living parties (Kumpe v. Coons, 63 Ala. 448), and so assumed the nature also of a proceeding inter partes (Dickey v. Vann, 81 Ala. 425, 8 South. 195). We do not doubt that the rules of evidence and procedure obtaining in the case of any customary trial inter partes applied in this case. In some respects the situation presented may seem to be anomalous, but on this appeal we are not required to determine the effect of the two decrees, viz. the decree pro confesso against Elston and the decree establishing the will, or, indeed, to say whether the first-mentioned decree had any effect upon the rights of the beneficiaries named in the will. As to this, see Taylor v. Kelly, 31 Ala. 59, 68 Am. Dec. 150. Devisavit vel non was the only issue in this cause, and the decree determined the statute of the res, that is, whether there was a will or not, and not the rights of the parties under the will. McCann v. Ellis, 172 Ala. 60, 55 South. 303; Kaplan v. Coleman, supra. Noting the fact, out of abundance of caution, that appellant was not denied the right to introduce in evidence any act of defendant Elston, before the fact, tending to support the allegation of the bill to the effect that the will in contest was procured by undue influence exercised by him, or any declaration by him, in the presence of testatrix, having a like tendency, we state our conclusion that the rulings here under consideration were free from error. Eastis v. Montgomery, 93 Ala. 293, and cases cited at the top of page 298, 9 South. 311.

[5] Appellant complains that the court refused his request to instruct the jury— charge C—that under the evidence as matter of law the burden of showing that the will was executed without undue influence rested upon the defendant proponent of the will. This proposition appears to rest upon the assumption that confidential relations existed between testatrix and L. R. Elston, her son living with her—and this may be conceded as beyond dispute—and that L. R. Elston was the party of dominant influence in that relation; but this last we think was itself a question of fact to be determined by the jury, and the charge was properly refused because it proceeded on the hypothesis that as matter of law, admitting of no inference to the contrary, Elston dominated his mother in the making of her will. On the facts shown by the bill, this was a question of fact for the jury (Curry v. Leonard, 186 Ala. 666, 65 South. 362), and, in any case, it is impossible for us to say that appellant's contention should prevail as being a question of law upon undisputed evidence, for the reason that the bill of exceptions does not purport to contain all the evidence.

[6, 7] The depositions of the two witnesses to the will taken in the probate court upon the uncontested probate of the will in that court—the proceedings there being duly certified by the probate judge—were received in evidence. Appellant contends for error on the ground that the depositions were not signed by the witnesses. Speaking generally, these depositions were competent evidence in the cause (West v. Arrington, 200 Ala. 420, 76 South. 352; Code, § 6209), and as for the specific objection now taken, we deem it a sufficient answer to say that it was not brought to the attention of the trial court, but was waived by the assertion of other objections which gave no hint of the ground now and here taken.

[8-10] According to the testimony, the deceased, on her own motion, prepared the original of the will in dispute, which was later copied by L. R. Elston, and incorporated in it her own ideas without suggestion from any quarter. This evidence made the question whether she knew the contents of the paper a question for jury decision. Hill v. Barge, 12 Ala. 687. Counsel appear to treat the question of fact as one for decision de novo by this court; but this court can only say whether there was any evidence to the effect that the deceased knew the contents of the paper, and that question must be determined against appellant on both reason and authority. However, the bill of exceptions does not purport to contain all the evidence, as we have already pointed out, and for this reason, if no other. this court would sustain the ruling of the trial court by assuming that there was evidence tending to show testatrix's knowledge of the contents of the instrument.

We find no error, and the decree is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.

On Rehearing.

Application overruled.

ANDERSON, C. J., and SAYRE, GARDNER, and MILLER, JJ., concur.