(100 South. 890)

HALL v. SEABOARD AIR LINE R. CO.
et al. (3 Div. 671.)

(Supreme Court of Alabama. June 5, 1924. Rehearing Denied June 30, 1924.)

1. Railroads ☞344(1)—Counts for injuries at crossing by joint wrongdoers held to plead duty and breach with sufficient certainty.

In action for injuries to pedestrian, struck by truck or contents, following collision between truck and train at crossing, counts *held* to plead the railroad's and truck owners' duty toward pedestrian, and breach thereof, with sufficient certainty.

2. Railroads ☞266—Railroad and truck owner held jointly and severally liable for injuries to pedestrian.

Where pedestrian was struck by truck or contents, following collision with train at crossing, and negligence of railroad and truck owners united or concurred in proximately causing collision, they were jointly and severally liable, notwithstanding absence of common design, concert of action, or joint negligence.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Action for damages by E. O. Hall against the Seaboard Air Line Railroad Company and the Orange Crush Bottling Company of Alabama. Following adverse rulings on pleading, plaintiff takes nonsuit and appeals. Reversed, rendered, and remanded.

The first count of the complaint avers:

"That on, to wit, the 5th day of February, 1924, the defendant Seaboard Air Line Railroad Company was in the county of Montgomery and state of Alabama, engaged in the business of operating a railroad, and one of its railroad tracks in said county crossed a certain public road or highway at or near Cecil, Ala., and the defendant Orange Crush Bottling Company of Alabama was then in said county engaged in the business of running or operating a truck or automobile in hauling its goods, wares, or merchandise. That the defendants then and there so negligently conducted their respective businesses that by reason thereof, and as the proximate result and consequence thereof, an engine or locomotive on said railroad track struck or collided with said truck or automobile, which said truck or automobile was then and there crossing said railroad track at said public road crossing, and by reason thereof, and as the proximate result and consequence thereof, plaintiff, who was then and there a pedestrian on said public road, was hit or struck by said truck, or some of the contents of said truck, and was violently thrown to the ground and received personal injuries, in this, to wit," etc.

The second count of the complaint avers:

"That on, to wit, February 5, 1924, the defendant Seaboard Air Line Railroad Company was in the county of Montgomery, state of Alabama, engaged in the business of operating a railroad, and one of its railroad tracks crossed a certain public road in said county at or near Cecil, Ala., and on, to wit, said day and date, in said state and county, there was a collision on said public road crossing between a locomotive on said railroad track and a truck on said public road; and plaintiff further avers that then and there the said locomotive was being operated by the defendant Seaboard Air Line Railroad Company, or its agent or agents, servant or servants, employee or employees, while acting within the line or scope of his or their employment, and that the said truck was then and there being operated by the defendant Orange Crush Bottling Company of Alabama, or its agent or agents, servant or servants, employee or employees, while acting within the line or scope of his or their em-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ployment; and plaintiff avers that by reason thereof, and as the proximate result and consequence of said collision, plaintiff, who was then and there a pedestrian on said public road, was violently struck by said truck, or some of the contents of said truck, and received personal injuries in this, to wit, * * * and plaintiff further avers that said collision was proximately caused and he received personal injuries as the proximate result and consequence of the negligence of the defendants, in this: The defendants, or their agents, servants, or employees, while acting within the line or scope of their employment, negligently caused said engine or locomotive and said truck to collide as aforesaid on said public road crossing."

Hill, Hill, Whiting,·Thomas & Rives, of Montgomery, for appellant.

There is no misjoinder of parties defendant. Ala. Power Co. v. Talmadge, 207 Ala. 86, 93 South. 548; Id., 259 U. S. 575, 42 Sup. Ct. 463, 66 L. Ed. 1071; McKay & Roach v. S. B. T. &. T. Co., 111 Ala. 337, 19 South. 695, 31 L. R. A. 589, 56 Am. St. Rep. 59; Vandiver & Co. v. Pollack, 107 Ala. 547, 19 South. 180, 54 Am. St. Rep. 118; Sparkman v. Swift, 81 Ala. 233, 8 South. 160; Pilcher v. Smith, 4 Ala. App. 444, 58 South. 672; McCoy v. L. & N., 146 Ala. 333, 40 South. 106; So. Hdw. & Supply Co. v. Block Bros., 163 Ala. 83, 50 South. 1036; Home Tel. Co. v. Fields, 150 Ala. 306, 43 South. 711; 1 Cooley on Torts (3d Ed.) 247; 26 R. C. L. 764; 147 Minn. 335, 180 N. W. 117, 16 A. L. R. 465; 29 Cyc. 565; Huddy on Automobiles (5th Ed.) 481; Kilkenney v. Bockius (C. C.) 187 Fed. 382; Colegrove v. N. Y., etc., R. R. Co., 20 N. Y. 492, 75 Am. Dec. 418; Matthews v. Delaware, etc., R. R. Co., 56 N. J. Law, 34, 27 Atl. 919, 22 L. R. A. 261; W. & G. R. R. Co. v. Hickey, 5 App. D. C. 436; Akin v. Brantley, 26 Ga. App. 326, 106 S. E. 214; Mitchell v. Brown (Mo. App.), 190 S. W. 354; Corey v. Havener, 182 Mass. 250, 65 N. E. 69, 13 Am. Neg. Rep. 108; Brown v. Thayer, 212 Mass. 392, 99 N. E. 237; Matlack v. Sea, 144 Ky. 749, 139 S. W. 930, 2 N. C. C. A. 305; Miller v. Weck, 186 Ky. 552, 217 S. W. 905; Reader v. Ottis, 147 Minn. 335, 180 N. W. 117, 16 A. L. R. 463; Carlton v. Boudar, 118 Va. 521, 88 S. E. 174, 4 A. L. R. 1480; Carter v. Brown, 136 Ark. 23, 206 S. W. 71; Hackworth v. Ashby, 165 Ky. 796, 178 S. W. 1074; Sullivan v. Ohlaver Co., 291 Ill. 359, 126 N. E. 191; Lang v. Lilley & Thurston Co., 20 Cal. App. 223, 128 Pac. 1029; Keeley v. G. N. R. R. Co., 139 Wis. 448, 121 N. W. 167.

Steiner, Crum & Weil and Ball & Beckwith, all of Montgomery, for appellees.

Defendants were improperly joined, and demurrer was properly sustained to the complaint. R. & D. v. Greenwood, 99 Ala. 501, 14 South. 495; Dickson v. Yates, 194 Iowa, 910, 188 N. W. 952, 27 A. L. R. 533; Larkins v. Eckwurzel, 42 Ala. 322, 94 Am. Dec. 651; Powell v. Thompson, 80 Ala. 51; Ensley Lbr. Co. v. Lewis, 121 Ala. 94, 25 South. 729; McCoy v. L. & N., 146 Ala. 333, 40 South. 106; So. Hdw. Co. v. Block Bros., 163 Ala. 81, 50 South. 1036; Roman v. Dreher, 1 Ala. App. 429, 55 South. 1015; 1 Jaggard on Torts, 212; Wiest v. Electric Traction Co., 200 Pa. 148, 49 Atl. 892, 58 L. R. A. 666; Dutton v. Landsdowne, 198 Pa. 563, 48 Atl. 494, 53 L. R. A. 469, 82 Am. St. Rep. 814; Goodman v. Coal, 206 Pa. 621, 56 Atl. 65; Cole v. Lippitt, 22 R. I. 31, 46 Atl. 43. The decision on the point in question in R. & D. v. Greenwood, 99 Ala. 501, 14 South. 495, was not dictum. 1 Bouvier's Law Dict. 864; Union Pac. v. Mason, 199 U. S. 160, 26 Sup. Ct. 19, 50 L. Ed. 134; Florida Ry. v. Schutte, 103 U. S. 118, 26 L. Ed. 327.

MILLER, J. This is a suit filed by plaintiff, E. O. Hall, the appellant, against the Seaboard Air Line Railroad Company, a corporation, and Orange Crush Bottling Company of Alabama, a corporation, for damages for personal injuries alleged to have been sustained by him while walking along a public road. The public road crossed the railroad track of this railroad company. The engine of the railroad company collided with a motor truck of the bottling company as each was crossing, one the track and the other the public road, at this public road crossing, and by reason thereof the plaintiff was injured by being struck or hit by the truck or some of the contents of the truck.

There are two counts in the complaint. The defendants separately demurred to each count, because neither count showed a joint liability of the defendants, and there was a misjoinder of parties defendant, and on other grounds. Demurrers of the defendants to each count were sustained by the court. On account thereof plaintiff took a nonsuit, the cause was dismissed, plaintiff was taxed with the court cost, and this appeal by plaintiff is prosecuted from that judgment. The sustaining by the court of the demurrers of the defendants to each count of the complaint are the errors assigned.

[1] Each defendant owed the plaintiff the duty to refrain from negligently injuring him while walking in or along the public road at or near this public road crossing, and each count shows the duty and breach of it with sufficient certainty by facts under our system of pleading. Michie, Dig. vol. 10, § 56, p. 595. Are the defendants jointly liable under the averments of each count of the complaint, is the real question presented by the demurrers. Each·count alleges that the defendants or their respective agents, while acting within the line of their respective employments, so negligently conducted their

respective businesses that by reason thereof the engine of one and the truck of the other collided at this public road crossing, and as a proximate result or consequence of the collision the plaintiff was injured by being struck or hit by the truck or some of its contents, and he was a pedestrian in this public road at the time. In 29 Cyc. p. 565, note 69, we find the following:

"When the injury is the result of the concurring negligence of two or more parties they may be sued jointly or severally."

In 26 R. C. L. p. 764, § 13, note 9, we find:

"There is a class of cases in which the defendants are jointly and severally liable, although they are several and not joint tortfeasors, as where there is no concert of action or unity of purpose, but the acts are concurrent 'as to place and time, and unite in setting in operation a single destructive or dangerous force, which produces the injury."

In 1 Cooley on Torts (3d Ed.) p. 247, note 6, we find this:

"The weight of authority will, we think, support the more general proposition that, where the negligence of two or more persons concur in producing a single, indivisible injury, then such persons are jointly and severally liable, although there is no common duty, common design, or concert action."

This appears to be the general rule gathered from the text-writers, based on the opinions of the different courts; and it has met with approval of this court.

This court has written on this subject. The appellant, plaintiff, in drawing these counts, appears to have followed in part, at least, a count in Alabama Power Co. v. Talmadge, 207 Ala. 86, 90, 93 South. 548, 552, held sufficient by this court under demurrer, in which the court wrote:

"The complaint, as amended, consisting of a single count, does not allege community of purpose between these appellants and the plumbing company; does not allege joint negligence; but it does show that at the moment of the injury to plaintiff's intestate the several acts of commission and omission charged to the defendants converged to the production of that injury. All the original parties defendant are thus alleged to have been guilty of concurrent negligence, and were liable in a joint action, though they had no common purpose and there was no concert of action. 1 Jaggard on Torts, pp. 212, 213. And in such case the parties defendant may be held responsible jointly or severally for the injury."

In McCoy v. L. & N. R. R. Co., 146 Ala. 337, 40 South. 107, this court stated this rule on this subject:

"A rational rule, deduced from the authorities supra, would seem to be that, 'where one has received an injury at the hands of two or more persons acting in concert, or acting independently of each other, if their acts united in causing a single injury, all of the wrongdoers are liable for the damages occasioned by the injury.'"

In Home Tel. Co. v. Fields, 150 Ala. 315, 43 South. 714, the same idea is thus expressed with approval by this court:

"If damage has resulted directly from concurrent, wrongful acts of two persons, each of them may be counted on as the proximate cause, and the parties held responsible jointly or severally for the cause."

The appellee insists the court below in this ruling on the demurrers followed the opinion in Richmond, etc., R. R. Co. v. Greenwood, 99 Ala. 501, 14 South. 495, and that it states a rule contrary to the principles hereinbefore declared. The principle discussed in that case is declared dicta therein. It is contrary to the present holding, and is unsound and disapproved.

[2] These counts aver no facts showing a common design, or a concert of action, or joint negligence by the defendants which proximately caused the injury; but they each aver the negligence of each defendant united or concurred in proximately causing the collision, and by reason of the collision the injury was inflicted on the plaintiff. Each defendant is charged by allegation in each count to have been guilty of concurrent negligence, which proximately caused the collision and by reason thereof the plaintiff was injured. Under the averments of each count the defendants are jointly and severally liable for the injury. Authorities supra.

It results that the trial court erred in sustaining the demurrers of the defendants to each count of the complaint; they should have been overruled, and a decree to that effect will be entered here. The judgment is reversed, and the cause remanded.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

On Rehearing.

MILLER, J. The application for rehearing is overruled.

All the Justices concur.