(129 So. 318)

## LANG v. GUNN.

### 8 Div. 50.

Court of Appeals of Alabama.
June 24, 1930.

Watts & White, of Huntsville, for appellant.

Lanier & Pride, of Huntsville, for appellee.

SAMFORD, J.

Appellee, Earl Gunn, brought suit in the inferior court of Huntsville against L. L. Lang and J. H. Fenley to recover $100 as damages for the injury to appellee's automobile as a result of a collision between his car and the cars of defendants Lang and Fenley, which he averred occurred on the Whitesburg pike leading south out of Huntsville, Ala., on or about, to wit, the 4th day of August, 1928, and obtained a judgment against both defendants, from which they appealed to the circuit court of Madison county, Ala. The case was tried de novo in said circuit court, before a jury, on the same complaint filed in said inferior court of Huntsville, which was refiled in the circuit court.

There was only one count in the complaint, and the averment of negligence on the part of the defendants was stated therein as follows: "That defendants were each operating a motor car over and along said pike at said time and place and said defendants did so negligently operate and drive said cars which they were driving that the same were driven into and against the car of the plaintiff, damaging the same in the sum of $100.00, all to the damage of the plaintiff as aforesaid."

The plaintiff did not testify himself, and only offered the testimony of one witness, that of his wife, Mrs. Earl Gunn. This witness testified that the defendant Lang was going south ahead of her on the night in question, and that the defendant Fenley was traveling north towards Huntsville, and that the cars driven by Lang and Fenley collided around a curve one hundred yards ahead of her car, and that Fenley's car continued on up the road, and when it got almost even with her it cut straight across the road and ran into the car she was driving. This witness emphasized the fact that the collision occurred "all of one hundred yards" ahead of her.

The defendant Lang rested his case when the plaintiff rested and asked for the general affirmative charge, and stated to the court that his request for the affirmative charge was based, among other things, upon a variance in the allegations of the complaint and the proof offered.

The defendant Fenley offered the testimony of himself and a number of other witnesses who undertook to detail the circumstances of the collision between his car and that of the defendant Lang, to which the defendant Lang objected, in so far as he was concerned, because immaterial and irrelevant. The court overruled this objection, and to this action of the court the defendant Lang excepted. This testimony tended to prove that striking of the Fenley car by the Lang car was the proximate cause of the Fenley car striking the Gunn car, and that, the Fenley car ran only about fifty feet before it turned squarely across the road striking the Gunn car.

After all the evidence was in, the defendant Lang, before the court instructed the jury, requested the court in writing to give, in his behalf, the general affirmative charge, which request was refused by the court, and to which action on the part of the court the defendant Lang then and there duly excepted.

Thereupon the court proceeded to charge the jury orally, and to certain portions of the oral charge of the court, the defendant Lang, before the jury retired, and in open court, duly excepted.

The jury retired and returned a verdict in favor of appellee against the defendant Lang, to which he excepted, and thereupon the court entered judgment against the said Lang for $76 and costs of suit.

The defendant Lang filed a motion for a new trial, which was heard by the court and overruled, and to which action of the court the defendant Lang in open court duly excepted.

The defendant Lang now prosecutes his appeal to the Court of Appeals of Alabama and assigns error on the part of the trial court in refusing to him the general affirmative charge requested in writing; error in overruling Lang's objection to testimony of defendant Fenley's witnesses; error on the part of the trial court in certain portions of its oral charge, noted and excepted to, and error in refusing to defendant a new trial in said cause.

Where two or more tort-feasors are sued jointly claiming damages on account of a joint wrong, and it appears from the evidence that two wrongs were committed separately and distinctly, one by each of the defendants, no recovery can be had on account of a variance between the allegation and proof. This seems to be clear enough. Lord et al. v. Calhoun, 162 Ala. 444, 50 So. 402; R. & D. R. R. Co. v. Greenwood, 99 Ala. 501, 14 So. 495.

■■ Where, however, there is evidence from which it may be inferred that the wrong complained of was jointly participated in by both defendants or contributed to by each, a joint purpose may be imputed to them, and in

576

such case they may be said to be joint tort-feasors and responsible severally for the resulting injury. The general rule, as declared by the weight of authority and laid down by the text-writers, seems to be: Where the injury complained of is the result of the concurring negligence of two or more parties, plaintiff, at his election, may sue such parties jointly or severally. 45 Corpus Juris, 1055 (624). This general rule has been approved with numerous cited authorities in Hall v. S. A. L. Ry. Co., 211 Ala. 602, 100 So. 890.

██ The trial judge in this case seems to have followed these rules, and, having done so, the various rulings complained of are without error.

There is no error in the record, and the judgment is affirmed.

Affirmed.