104 So.2d 918

Mary M. CHESSER

v.

Lorenza B. WILLIAMS et al.

7 Div. 374.

Supreme Court of Alabama.

Aug. 28, 1958.

J. Earl Langner, Birmingham, for appellant.

Wales W. Wallace, Jr., Columbiana, and Reynolds & Reynolds, Clanton, for appellee Williams.

Handy Ellis, Columbiana, for appellee Thomas.

GOODWYN, Justice.

The appellant, Mary M. Chesser, brought suit in the circuit court of Shelby County against appellees, Lorenza B. Williams and W. A. Thomas, to recover for damage done to a building owned by her, the said damage allegedly resulting from an automobile collision between appellees on an adjacent public highway. To the extent here material the one count of the complaint alleges the following: "Defendants negligently damaged a building of the plaintiff which was situated on the private property of the plaintiff * * * by negligently driving or operating the motor vehicles which were then and there being driven or operated by them in such a manner that the motor vehicles by reason of the combined or concurring negligence of the said defendants were caused to collide and one of them to crash into, over, upon or against the building and improvements of the plaintiff which was located on the private property of the plaintiff and off the highway right-of-way, and as a proximate consequence and result of said combined or concurring negligence of the said defendants the building and improvements of the plaintiff were damaged"; and that "her damages aforesaid were proximately caused by and resulted from the said combined or concurring negligence of the defendants at the time and place aforesaid."

At the conclusion of plaintiff's evidence the defendants rested and each separately

requested in writing that the affirmative charge with hypothesis be given in his favor. These charges were given. The jury then returned a verdict in favor of defendants and judgment on said verdict was duly entered. This appeal is from that judgment.

The position taken by appellant is that the trial court's reason for giving the affirmative charges was laid in error and, also, that there was sufficient evidence, under the scintilla rule, for the case to go to the jury as against both defendants. It was indicated by the trial court that the basis for giving the charges was the lack of evidence showing both defendants to be guilty of negligence. Appellant argues that it was not incumbent on her to prove that both defendants were negligent in order for her to recover against one shown to be negligent. On the other hand, each of the appellees takes the position that there is no evidence of negligence on his part and that the affirmative charge with hypothesis as to him was properly given.

■ Apparently, the appellees recognize that it was not necessary to show negligence of both defendants in order for recovery to be had against one shown to be negligent. See Hall v. Seaboard Air Line R. Co., 211 Ala. 602, 603–604, 100 So. 890; United States Cast Iron Pipe & Foundry Co. v. Williams, 213 Ala. 115, 118, 104 So. 28; Steenhuis v. Holland, 217 Ala. 105, 107, 115 So. 2; Downes v. Norrell, 261 Ala. 430, 433, 74 So.2d 593; Lang v. Gunn, 23 Ala.App. 574, 576, 129 So. 318. However, each contends that there was no evidence showing negligence on his part and that the affirmative charge as to him was properly given. Thus, the question presented is whether there is any evidence, under the scintilla rule, sufficient for the case to have gone to the jury as against either or both of the defendants. In discussing the giving of the charges the trial court indicated that there might be evidence of negligence sufficient as against one party (Thomas) but not the other.

■ The plaintiff offered in evidence the answers to interrogatories propounded by her to each of the defendants separately. The trial court ruled that the answers were evidence only against the defendant making them and not against the other defendant. Each defendant, in answering the interrogatories, quite naturally attempted to place the blame on the other. And it seems clear that if the answers of one of the defendants constituted evidence against the other there was sufficient evidence against both defendants for the case to have gone to the jury. However, this court has held that the answers to interrogatories propounded to a party under Code 1940, Tit. 7, § 477 et seq., are evidence only against the party making the answers. In Kay v. Elston, 205 Ala. 307, 308, 87 So. 525, 526, in an opinion written by Sayre, J., it was said:

"* * * It is almost equally clear that the fact that defendant L. R. Elston had suffered a decree pro confesso to be entered against himself should not have been admitted in evidence for the purpose of prejudicing the case of the other defendant, while, as for his answer to interrogatories taken under the statute (Code [1907] § 4049 et seq. [§ 477 et seq., Tit. 7, Code 1940, supra]), the statute makes a deposition so taken admissible when offered by the party taking it, but *it is not the effort or effect of the statute to make such a deposition evidence against a party other than the deponent; such other party having had no part in its taking.* * * *" [Emphasis supplied.]

■ The rule in Alabama is that in civil cases "the question must go to the jury if the evidence or the reasonable inferences arising therefrom furnish 'a mere "gleam," "glimmer," "spark," "the least particle," the "smallest trace"—"a scintilla"'' in support of the theory." Alabama Great Southern Railroad Company v.

60

Bishop, 265 Ala. 118, 123, 89 So.2d 738, 743.

 And we have said that, "in considering the propriety of the affirmative charge, we review the tendencies of the evidence most favorable to plaintiff, regardless of any view we may have as to the weight of evidence; and must allow such reasonable inferences as the jury were free to draw, not inferences which we may think the more probable." Duke v. Gaines, 224 Ala. 519, 521, 140 So. 600, 601.

We do not find any evidence of negligence as against defendant Williams but think the testimony of the state highway patrolman, who investigated the collision, considered in connection with the other evidence, furnished at least a scintilla of evidence of negligence on the part of defendant Thomas. It is undisputed that Thomas, at the time of the collision, was driving on Highway 91 toward Childersburg and that Williams was driving in the opposite direction, toward Birmingham. Each of the defendants, in his answers to plaintiff's interrogatories, stated that the other pulled over into his lane of travel. Both cars were hit on their left front. After the collision Williams' car came to rest at plaintiff's building, which was located near Williams' side of the highway. Thomas' car came to rest on his side of the highway. The crucial question was whether Thomas or Williams was in the lane of travel of the other. As already indicated, there is no evidence at all as against Williams that he was outside his lane of travel (except, of course, Thomas' answers to plaintiff's interrogatories, which were not evidence as against Williams). However, the highway patrolman testified that he found glass and debris approximately 16 to 18 inches to the left of the center line towards Childersburg, within Williams' lane of travel. It seems to us that the jury might reasonably infer from this fact that Thomas' car, at the time of the collision, had crossed over into Williams' lane of travel.

The judgment in favor of defendant Williams is affirmed.

The judgment in favor of defendant Thomas is reversed and the cause is remanded.

Affirmed in part and reversed and remanded in part.

LIVINGSTON, C. J., and LAWSON, SIMPSON and COLEMAN, JJ., concur.